UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHIRLEY BROWN,

                        Plaintiff,

  -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                      Defendants.
-------------------------------------------------------------X

Case No.: 20-cv-1092

**DEFENDANTS AMERICAN AIRLINES GROUP INC. and AMERICAN AIRLINES, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendants AMERICAN AIRLINES GROUP INC. and AMERICAN AIRLINES, INC. ("Defendants"), by their attorneys CHAN & Grant, LLP, hereby timely removes this action from the Supreme Court of the State of New York, County of Queens to the United States District Court for the Eastern District of New York. In Support of this Notice of Removal, Defendants state as follows upon information and belief:

1. On April 17, 2019, Plaintiff commenced this action by filing a Summons and Complaint in The Supreme Court of the State of New York, County of Queens against American Airlines Group Inc. and Jane Doe (true and correct copies of the Summons and Complaint are attached hereto as Exhibit A)[1].

2. On July 12, 2019, Plaintiff served a copy of the Summons and Complaint on American Airlines, Inc., who was not a party to this action at the time, through the New York Secretary of State. Plaintiff did not serve the named defendant, American Airlines Group Inc.

---

[1] The undersigned affirms that the printouts retrieved from the Supreme Court of the State of New York, County of Queens, via New York State Unified Court System, New York State Courts Electronic Filing (NYSCEF) website and obtained by undersigned counsel, which are attached hereto as Exhibits A, C, E-I, L, P, S and T were compared to the electronic filed stored in the computer on the NYSCEF website and have found them to be the same.

*See* Exhibit B, which a true and correct copy of the New York State Department of State Letter sent to CT Corporation System, American Airlines, Inc.'s registered agent for service of process advising that the New York Secretary of State was served on behalf of American Airlines, Inc. on July 12, 2019 ; Exhibit C, which is a true and correct copy of Plaintiff's Affidavit of Service stating American Airlines, Inc. was served, although American Airlines Group Inc. was a named defendant.  By stipulation of attorneys for defendant, American Airlines Group Inc. and Plaintiff, defendant American Airlines Group Inc. had until September 10, 2019 to file its answer, plead or otherwise move.  A true and correct copy of the Stipulation is attached hereto as Exhibit D.

3. On September 5, 2019, Plaintiff filed an Amended Summons and an Amended Complaint adding American Airlines, Inc. as a defendant to this action.  A true and correct copy of the Amended Summons and Amended Complaint is attached hereto as Exhibit E.

4. On September 17, 2019 Plaintiff served copies of the Amended Summons and Amended Complaint on defendants American Airlines, Inc. through the New York Secretary of State.  A true and correct copy of Plaintiff's Affidavit of Service of the Amended Summons and Amended Complaint to American Airlines, Inc. is attached hereto as Exhibit F.

5. On September 25, 2019 Plaintiff filed an Affidavit of Service claiming service of copies of the Amended Summons and Amended Complaint was made on defendant American Airlines Group Inc. through personal service on the New York Secretary of State and by registered mail-return receipt requested.  A true and correct copy of Plaintiff's Affidavit of Service of the Amended Summons and Amended Complaint to American Airlines Group Inc. is attached hereto as Exhibit G.

6. This action is a civil action arising out of alleged bodily injuries sustained on or about August 28, 2017 by plaintiff Shirley Brown while on board American Airlines Flight 366

from John F. Kennedy International Airport, Jamaica, New York to San Diego International Airport, San Diego, California (hereinafter "FLIGHT").  Plaintiff claims a piece of luggage was negligently caused to fall on her head that was being placed in the overhead compartment by co-defendant, Jane Doe, who remains unidentified.  *See* Ex. E (Am. Compl.) ¶¶ 17-28.

7. Plaintiff claims that defendants were common carriers who were responsible for maintaining and operating the flight and responsible for the safe passage of its passengers including Plaintiff, and that they were negligent in creating and/or allowing the overhead compartment to become and remain in a dangerous condition and causing Plaintiff's injuries. *See* Ex. E (Am. Compl.) ¶¶ 20-26.

8. On September 12, 2019 defendants American Airlines, Inc. and American Airlines Group Inc. joined issue. True and correct copies of their Answers are attached hereto as Exhibit H and Exhibit I, respectively.

9. On September 12, 2019, Defendants served Plaintiff with a Demand for a Verified Bill of Particulars, and a Demand Pursuant to CPLR 3017(c)(hereinafter referred to as "Defendants' CPLR 3017(c) Supplemental Demand Request") requesting that Plaintiff set forth the total damages to which they deemed themselves entitled.  A true and correct copy of Defendants' Demand for a Verified Bill of Particulars is attached hereto as Exhibit J.  A true and correct copy of Defendants' CPLR 3017(c) Supplemental Demand Request is attached hereto as Exhibit K.

10. On November 14, 2019, a Preliminary Conference Order was entered, setting discovery deadlines and ordering Plaintiff, inter alia, to respond to Defendants' CPLR 3017(c) Supplemental Demand Request and Demand for Verified Bill of Particulars within 30 days

which was December 14, 2019.  A true and correct copy of the Preliminary Conference Order is attached hereto as Exhibit L.

11. On January 28, 2020, Plaintiff's served via mail, certain responses to Defendants' discovery demands but none which defendants could ascertain whether the amount in controversy exceeded $75,000.00.

12. On February 6, 2020, after multiple letters and conversations with Plaintiff's counsel office, and defendants' filing a Motion to Compel Plaintiff to respond to Defendants' CPLR 3017(c) Supplemental Demand Request, Plaintiff served, via mail: Plaintiff's Supplemental Response to Combined Demands, a true and correct copy of which is attached hereto as Exhibit M; Plaintiff's Supplemental Bill of Particulars, a true and correct copy of which is attached hereto as Exhibit N; and  Plaintiff's Response to Demand Pursuant to CPLR 3017(c) which sought $3,000,000.00 in damages, a true and correct copy of which is attached hereto as Exhibit O.

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3), and that thirty days have not yet expired since the action became removable to this court as the potential amount in controversy exceeding the diversity threshold of $75,000 was first ascertained through Plaintiff's Response to Defendants' CPLR 3017(c) Supplemental Demand Request, which was served via mail on February 6, 2020, and demands judgment in excess of $75,000.00, exclusive of interests and costs. *See*, Ex. O (Response to CPLR 3017(c) Supplemental Demand Request).

14. Plaintiff is a resident of New York County, State of New York.  Ex. E (Am. Compl.) ¶ 1.

15. Defendant American Airlines, Inc. is and was at all relevant times herein a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in 1 Skyview Drive, Forth Worth, Texas 76155.

16. Defendant American Airlines Group Inc. is and was at all relevant times herein a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in 1 Skyview Drive, Forth Worth, Texas 76155.

17. Pursuant to 28 U.S.C § 1441(b)(1), in a removal based on diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. Therefore, co-defendant Jane Doe (fictitious), for removal purposes based on diversity, will be disregarded. 28 U.S.C § 1441(b)(1),

## BASIS FOR REMOVAL

18. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship of the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  Therefore, pursuant to 28 § U.S.C. § 1441(a), the entire case is one that may be removed to this court.

19. The following are a list of process, pleadings, and orders served upon Defendants in this action:

- Summons and Complaint , a true and correct copy of which is attached as Exhibit A;

- New York State Department of State Letter, a true and correct copy of which is attached as Exhibit B;

- Plaintiff's Affidavit of Service for Summons and Complaint, a true and correct copy of which is attached as Exhibit C;

- Stipulation to Extend Time to Answer, Plead or Otherwise Move, a true and correct copy of which is attached hereto as Exhibit D;

- Plaintiff's Amended Summons and Amended Complaint, a true and correct copy of which is attached as Exhibit E;

- Plaintiff's Affidavit of Service of the Amended Summons and Amended Complaint on defendant American Airlines, Inc., a true and correct copy of which is attached as Exhibit F;

- Plaintiff's Affidavit of Service of the Amended Summons and Amended Complaint on defendant American Airlines Group Inc., a true and correct copy of which is attached as Exhibit G;

- Defendant American Airlines, Inc.'s Answer to the Amended Complaint, a true and correct copy of which is attached as Exhibit H;

- Defendant American Airlines Group Inc.'s Answer to the Amended Complaint, a true and correct copy of which is attached as Exhibit I;

- Defendants' Demand for a Verified Bill of Particulars, a true and correct copy of which is attached as Exhibit J;

- Defendants' CPLR 3017(c) Supplemental Demand Request; a true and correct copy of which is attached as Exhibit K;

- Preliminary Conference Order dated December 19, 2019, a true and correct copy of which is attached as Exhibit L;

- Plaintiff's Supplemental Response to Defendants' Combined Demands, Plaintiff's Supplemental Bill of Particulars, and Plaintiff's Response to Demand Pursuant to CPLR 3017(c) seeking $3,000,000.00, true and correct copies of which are attached as Exhibits M, N and O respectively, and all of which were served by regular mail on February 6, 2020;

- Defendants' Request for Judicial Intervention and Request for Preliminary Conference dated and filed October 28, 2019, true and correct copies of which are attached hereto as Exhibit P;

- Plaintiff's Verified Bill of Particulars and Plaintiff's Response to Combined Demands served by regular mail on January 28, 2020, true and correct copies of which are attached as Exhibit Q and R, respectively;

- Defendants' Notice of Motion and Affirmation in Support With Exhibits seeking an order to Compel Plaintiff to Respond to Defendants' CPLR 3017(c) Supplemental Demand Request, true and correct copies of which are attached as Exhibit S;

- Defendants' Notice of Withdrawal of Motion to Compel, a true and correct copy of which is attached as Exhibit T.

WHEREFORE, defendants American Airlines Group Inc. and American Airlines, Inc. respectfully submit that: 1) this Notice complies with the statutory removal requirements; 2) this action should proceed in this Honorable Court as a properly removed action; and 3) that Defendants should have such other and further relief as this Court may deem just and proper.

Dated: February 27, 2020
New York, New York

Respectfully yours,

__s/Alice Chan_____
Alice Chan (AC – 0311)
CHAN & GRANT, LLP
Attorneys for Defendants
*American Airlines Group and American Airlines, Inc.*
61 Lexington Avenue, Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646) 779-2950
alice.chan@changrant.com