# EXHIBIT Q

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
SHIRLEY BROWN,

        Plaintiff,

   -against-

AMERICAN AIRLINES GROUP, INC., JANE DOE
and AMERICAN AIRLINES INC.

        Defendants.
-----------------------------------------------------------------X

Index No.: 706805/2016

**PLAINTIFF'S VERIFIED**
**BILL OF PARTICULARS**

    Plaintiff, **SHIRLEY BROWN**, by her attorneys, LERNER, ARNOLD & WINSTON, LLP, as and for her Bill of Particulars to Defendants, **AMERICAN AIRLINES GROUP, INC. and AMERICAN ALIRLINES INC.**, herein alleges upon information and belief as follows:

    1.    The accident occurred on August 28, 2017 at approximately 8:30 p.m.

    2.    The accident occurred on board American Airlines flight 366 at John F. Kennedy airport.

    3.    Defendants **AMERICAN AIRLINES GROUP, INC. and AMERICAN AIRLINES INC.**, had actual and/or constructive notice of the dangerous, defective and/or unsafe condition of its planes, including, but not limited to the plane to be used in designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

    4.    Defendants **AMERICAN AIRLINES GROUP, INC. and AMERICAN AIRLINES INC.**, were negligent, careless and reckless in supervising its agents, servants, employees, licensees, contractors, passengers and/or subcontractors at the subject airplane; were negligent, careless and reckless in failing to safely own, operate, manage and/or



1

control said airplane and the persons thereat; , in failing to properly assist, direct, and supervise passenger JANE DOE in attempting to place an overweight, oversized piece of luggage into al already full overhead bin; in failing to stop passenger JANE DOE in attempting to place a piece of luggage in the overhead bin; in failing to warn plaintiff of the danger presented by passenger JANE DOE; in failing to prevent the aforesaid physical injury from occurring; and in failing to come to the assistance and aid of the Plaintiff after the injurious event. Plaintiff reserves the right to supplement and amend this response at the conclusion of discovery.

5. As named in the Complaint, Defendant JANE DOE was negligent, careless and reckless in causing injuries to Plaintiff during in-flight boarding; in failing to prevent the aforesaid physical injury from occurring; in failing to properly load luggage to the overhead compartment; and in failing to come to the assistance and aid of the Plaintiff after the injurious event on flight AA366 from New York (JFK) to San Diego on August 28, 2017. Plaintiff reserves the right to supplement and amend this response at the conclusion of discovery.

6. Defendants **AMERICAN AIRLINES GROUP, INC. and AMERICAN AIRLINES INC.**, its agents, servants, and/or employees, were negligent in: creating and/or allowing the plane and its overhead compartments to become and remain in a dangerous, defective and/or unsafe condition, including, but not limited to an inadequate warning of the danger of falling luggage; causing and/or allowing flight AA366 and the overhead luggage to be maintained in a negligent and careless manner; creating and/or permitting a dangerous, defective and/or unsafe condition to exist and/or remain on flight AA366; failing to correct and/or change the dangerous, defective and/or unsafe condition



although **AMERICAN AIRLINES GROUP, INC. and AMERICAN AIRLINES INC.**, their agents, servants and/or employees knew of the existence of the dangerous and unsafe condition; failing to warn Plaintiff and others lawfully upon its planes of the dangerous and defective condition; failing to maintain and/or properly place warning signs, or other devices upon flight AA366 to warn Plaintiff and others lawfully upon its plane of the dangerous, defective and/or unsafe condition; in failing to inspect and/or properly inspect the aforementioned area of the occurrence; failing to repair and/or properly repair the dangerous, defective and/or unsafe condition existing at the aforementioned flight AA366; failing to have competent personnel operate, inspect, oversee and maintain the overhead compartments aboard the plane and particularly the one from flight AA366; failing to instruct such personnel to properly operate, inspect and maintain the overhead compartments; failing to properly supervise such personnel and other passengers aboard the plane; failing to have competent personnel to operate, control and oversee the handling of the overhead compartments; violating those statutes, ordinances, rules and regulations relating to the maintenance, repair, oversight and complicit conduct regarding common carriers overseeing the loading of overhead compartments on a plane; failing to properly create, design, configure and construct its planes for safe passage for all of its customers; failing to exercise that degree of care required under the circumstances.

7. Defendants **AMERICAN AIRLINES GROUP, INC. and AMERICAN AIRLINES INC.**, were negligent, careless and reckless in supervising its agents, servants, employees, licensees, passengers, contractors and/or subcontractors at the subject airplane; were negligent, careless and reckless in failing to safely own, operate, manage and/or control said airplane and the persons thereat; in failing to prevent the aforesaid physical



3

injury from occurring; and in failing to come to the assistance and aid of the Plaintiff after the injurious event.

    a. See response to #6 *supra*.

    b. See response to #6 *supra*.

8. N/A

9. Plaintiff objects to this demand as no statute violation has been alleged in the Verified Complaint.

10. Due to the Defendants **AMERICAN AIRLINES GROUP, INC.** and **AMERICAN AIRLINES INC.**'s negligence Plaintiff sustained the following injuries:

- **CONCUSSION;**
- **INTERMITTENT RIGHT SIDE FACIAL NUMBNESS/HEADACHES ASSOCIATED**
- **WITH PARESTHESIA POST TRAUMA;**
- **SUBTLE ASYMMERTIC OF CUSTERNAL RIGHT TRIGEMENTAL NERVE;**
- **MODERATE SUPRATENTONIAL AND ILL-DEFINED PONTINE HYPERINTENSITY CORRELATE WITH AGE AND/OR CEREBROVASCULAR DIEASE;**
- **SOUND AND LIGHT SENSITIVITY;**
- **FACIAL NUMBNESS;**
- **EXCESSIVE DROOLING;**
- **UNCONTROLABLE EYE TEARING**

Plaintiff has not been able to recover full function, strength, and mobility that she would have been able to achieve but for the defendants' negligence. Plaintiff sustained and continues to sustain psychological embarrassment due to the scarring, impairment and deformities causing the Plaintiff to make both conscious and unconscious efforts to limit the use and visibility of those areas and impairments.



Plaintiff is currently suffering a limited range of motion that acutely impairs her movements. She has and will continue to experience impairment, disruption and difficulty with daily activities, including work, that plaintiff had previously taken for granted.

Plaintiff further claims all complications that may arise from treatment given and future treatment, including but not limited to: shock, coagulopathies; drug interaction; complication of or due to anesthesia and all surgical procedures that were and/or may be applied, including but not limited to fixation, implants; and all necrosis and other medical complications.

Plaintiff's injuries and resultant sequelae are associated with pain, discomfort, swelling, tenderness, atrophy, anxiety, tension, difficulty sleeping, personality changes, depression, and distress and limitation of motion, impairment of function involving the skin, bones, muscles, cartilage, ligaments, tendons, joints, blood vessels, capillaries, lymphatic system, nerves, and tissues of the affected and surrounding areas. Plaintiff believes all injuries and residual injuries sustained are permanent in nature.

Aggravation, activation and/or precipitation of any underlying hypertrophic, degenerative, arthritic, circulatory, arterial, venous or systemic condition complained of.

As to those conditions, to the extent claimed, that pre-dated the occurrence herein, it will be claimed that the subject incident hastened and worsened the conditions and precipitated and aggravated the systems complained of thereafter.

Plaintiff expressly reserves the right to supplement this response at any time, up to and including the trial of this action.

11. Upon information and belief, all plaintiff's injuries are permanent, progressive and continuing in their nature except for those of transitory nature. In addition, plaintiff will



rely on the opinions of her treating medical providers and retained experts, if any, as to permanency of any and all injuries that are mentioned herewith.

12. Not applicable. Plaintiff is not claiming aggravation or exacerbation of a prior injury.

13. Plaintiff was confined to bed for approximately 3 months with the exception of attending medical appointments.

14. Plaintiff was confined to her home for approximately 3 months with exception of attending medical appointments.

15. Plaintiff was not confined to a hospital.

16. As a result of this accident, Plaintiff **SHIRLEY BROWN** sustained the following special damages:

    a. **Physicians' services &medical supplies**    $2,850.00

    b. **Hospital expenses**    $ 436.00

    c. **Nurses services**    Included in Hospital bill

    d. **Loss of services**    N/A

Plaintiff reserves the right to supplement this response.

17. Not applicable. Plaintiff is retired.

18. Not applicable. Plaintiff is retired.

19. Not applicable. Plaintiff is retired.

20. Plaintiff has been retired from the Administration of Children Services since 2016.

21. Not applicable.

22. Plaintiff is unable to determine an amount for anticipated treatment.



6

23. To be provided.

24. Plaintiff will supplement this response upon completion of medical treatment.

25. Plaintiff's address is 2289 5th Avenue, Apt 10M, New York, N.Y. 10037.

26. Plaintiff objects to demand for social security number as improper demand for sensitive personal information. Plaintiff's social security number is private, protected and privileged from disclosure. See <u>Meyerson v. Prime Realty Services</u>, 7 Misc. 3d 911; 796 N.Y.S 2d 848 (Sup. NY, 2005). Notwithstanding said objection, plaintiff's date of birth and social security number are provided with the authorizations for medical records provided in *Plaintiff's responses to Combined Demands*.

**PLEASE TAKE NOTICE**, Plaintiff hereby reserves the right to amend and/or supplement the responses provided herein.

Dated: New York, New York
January 24, 2020

                          Yours, etc.,

                          LERNER, ARNOLD & WINSTON, LLP
                          Attorneys for Plaintiff

                          By_____
                             Jacob L. Levine
                          475 Park Avenue South, 28th Floor
                          New York, New York 10016
                          cmarnold@lawpartnersllp.com
                          (212) 686-4655

TO:    CHAN & GRANT, LLP
       By: Alice Chan
       Attorneys for Defendants
       AMERICAN AIRLINES GROUP, INC. &
       AMERICAN AIRLINES, INC.
       61 Lexington Avenue, Suite 1G
       New York, New York 10010
       Tel: (646) 779-2988
       Fax: (646) 779-2950



## VERIFICATION

Jacob L. Levine, an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following, upon information and belief, under penalty of perjury:

That I am the attorney for the plaintiff SHIRLEY BROWN in the within action.

That I have read the foregoing **VERIFIED BILL OF PARTICULARS** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be upon information and belief; and as to those matters, I believe them to be true.

That the reason this verification is made by your affirmant and not by the plaintiff is that the plaintiff SHIRLEY BROWN does not reside in the County where your affirmant maintains his office.

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows: records, correspondence, reports and documents contained in plaintiffs file maintained by your affirmant's office.

Dated: New York, New York
       January 24, 2020

_____
Jacob L. Levine

Case 1:20-cv-01092-AMD-JO   Document 1-17   Filed 02/27/20   Page 10 of 11 PageID #: 136

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )SS:
COUNTY OF NEW YORK   )

Leslie Sanchez, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Fairfield County, Connecticut.

On January 28, 2020, deponent served the within **PLAINTIFF'S VERIFIED BILL OF PARTICULARS** on the following attorneys of record in this action at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

To:   CHAN & GRANT, LLP
      By: Alice Chan
      Attorneys for Defendants
      AMERICAN AIRLINES GROUP, INC. &
      AMERICAN AIRLINES, INC.
      61 Lexington Avenue, Suite 1G
      New York, New York 10010

_____
Leslie Sanchez
Paralegal

Sworn to before me this
28th day of January, 2020

_____
NOTARY PUBLIC

JASMINE SANTIAGO
Notary Public, State of New York
No. 01SA6370734
Qualified in New York County
Commission Expires Feb. 5, 2020


LAW
ERNER · ARNOLD · WINSTON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SHIRLEY BROWN,

                Plaintiff,

-against-

AMERICAN AIRLINES GROUP INC.
and JANE DOE,

                Defendants.

## PLAINTIFF'S VERIFIED BILL OF PARTICULARS

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: _____January 24, 2020_____

Signature: _____[signature]_____

Print Signer's Name: _____Jacob L. Levine_____

Service of a copy of the within

Dated:

                ] is hereby admitted.

..............................................
*Attorney(s) for*

**LERNER, ARNOLD & WINSTON, LLP**
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655