# EXHIBIT S

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 2 of 87 PageID #: 239

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

SHIRLEY BROWN,

                        Plaintiff,

   -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                      Defendants.

-------------------------------------------------------------X

Index No.: 706805/2019

**NOTICE OF MOTION TO COMPEL
RESPONSE TO DEFENDANTS'
DEMAND PRURSUANT TO
CPLR 3017(C)**

      PLEASE TAKE NOTICE that upon the attached affirmation of Alice Chan, affirmed on

January 29, 2020, and the exhibits attached thereto, annexed Affirmation in Good Faith, and

upon all the pleadings and proceedings in this case to date, defendants American Airlines Group

Inc. and American Airlines Inc. ("Defendants") will move this Court in Courtroom 67, IAS Part

30 at Queens County Supreme Courthouse, located at 88-11 Sutphin Blvd, Jamaica, NY 11435

on February 26, 2020, at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order

pursuant to Civil Practice Law and Rule ("CPLR") 3124, directing plaintiff Shirley Brown to

respond to Defendants' Demand Pursuant to CPLR 3017(c), dated September 12, 2019, and/or

for sanctions for failing to respond and for such other and further relief as the Court deems just

and proper.

      The above entitled action is for personal injury.

      An affirmation that a good faith effort has been made to resolve the issues raised in this

motion is attached.

      PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2214(b), answering papers

or cross-motions, if any, are required to be served upon the undersigned at least seven days

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 3 of 87 PageID #: 240

before the date set forth above for the submission of this motion.

Dated: January 29, 2020
       New York, New York

                                        Respectfully Submitted,

                                        CHAN & GRANT, LLP

                                        By:__s/Alice Chan_____
                                              Alice Chan
                                        *Attorneys for Defendants*
                                        *American Airlines Group, Inc. and*
                                        *American Airlines, Inc.*
                                        61 Lexington Avenue, Suite 1G
                                        New York, New York 10010
                                        Tel: (646) 779-2988
                                        Fax: (646) 779-2950

To:    Jacob L. Levine
       LERNER, ARNOLD & WINSTON, LLP
       475 Park Avenue South, 28th Floor
       New York, New York 10016

2

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 4 of 87 PageID #: 241

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
SHIRLEY BROWN,

                                    Plaintiff,

    -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                                    Defendants.
--------------------------------------------------------------X

Index No.: 706805/2019

**AFFIRMATION IN SUPPORT OF MOTION TO COMPEL RESPONSE TO DEFENDANTS' DEMAND PURSUANT TO CPLR 3017(C)**

Alice Chan, an attorney admitted to practice in the courts of the State of New York, and not a party to this action, hereby affirms the following to be true under the penalties of perjury, pursuant to Civil Practice Law and Rules (CPLR) 2106:

1.      I am a partner with the law firm Chan & Grant, LLP, attorneys of record for defendants' American Airlines Group, Inc. and American Airlines, Inc. (hereinafter collectively referred to as "Defendants") in the above-captioned action, and as such I am fully familiar with all the facts and circumstances in this case after reviewing records maintained by my office and discussions with staff at said office.  I submit this affirmation in support of and in good faith of the within application in the instant motion for an order pursuant to CPLR 3124, compelling plaintiff Shirley Brown ("Plaintiff") to respond to Defendants' Demand Pursuant to CPLR 3017(c) dated September 12, 2019 (hereinafter "Supplemental Demand Request"), and/or for sanctions pursuant to CPLR 3126, for Plaintiff failure to respond in bad faith, that Plaintiff be precluded from producing any evidence that her damages or recovery exceed $75,000.00, and for attorneys' fees and costs in preparing and making this motion.

2.      A true and correct copy of Defendants' CPLR 3017(c) Supplemental Demand Request is annexed hereto as Exhibit A.

1

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 5 of 87 PageID #: 242

3.      Plaintiff commenced this action by filing a Summons and Complaint in The Supreme Court of the State of New York, County of Queens on April 17, 2019, against American Airlines Group, Inc. and Jane Doe (true and correct copies of which are annexed hereto as Exhibit B).

4.      On July 12, 2019, Plaintiff served a copy of the Summons and Complaint on non-party American Airlines, Inc. through the New York Secretary of State but did not serve named-defendant, American Airlines Group Inc.  (Exhibit C, NYS Department of State Letter; Exhibit D, Plaintiff's Affidavit of Service stating American Airlines, Inc. was served although American Airlines Group Inc. was a named defendant.).  By Stipulation of attorneys for defendant, American Airlines Group Inc. and plaintiff, defendant American Airlines Group Inc. had until September 10, 2019 to file its Answer, plead or otherwise move.

5.      On September 5, 2019, Plaintiff filed an Amended Complaint adding American Airlines, Inc. as a defendant to this action.  A true and correct copy of the Amended Complaint is annexed hereto as Exhibit E.

6.      On September 12, 2019, Defendants American Airlines Group Inc. and American Airlines, Inc. joined issue (true and correct copies of American Airlines, Inc. and American Airlines Group Inc.'s Answers are annexed hereto as Exhibit F and G, respectively.).

7.      On September 12, 2019, defendants served Plaintiff with a CPLR 3017(c) Supplemental Demand Request requesting that Plaintiff set forth the total damages to which they deem themselves entitled. (Exhibit A, Supplemental Demand Request).

8.      As defendants did not receive a response, on October 14, 2019, the undersigned's office sent a follow-up letter requesting that Plaintiff respond to the September 12, 2019 CPLR

2

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 6 of 87 PageID #: 243

3017(c) Supplemental Demand Request ("October Letter").  A true and correct copy of the

October 14, 2019 letter is annexed hereto as Exhibit H.

9.      On November 13, 2019, a preliminary conference was held, and this court ordered

Plaintiff to respond to the Supplemental Demand Request within 30 days.  A true and correct

copy of the Preliminary Conference Order is annexed hereto as Exhibit I.

10.     No response was received and on January 6, 2020, the undersigned sent by e-mail

and first-class mail, an additional follow-up letter outlining previous attempts to obtain a

response from Plaintiff, including referencing Plaintiff's violation of the Preliminary Conference

Order, and informing Plaintiff of the necessity of a response in order to determine if this action is

removable to federal court based on diversity jurisdiction pursuant to 28 U.S.C § 1332, 28

U.S.C. § 1441 and 28 U.S.C. § 1446. We advised that Plaintiff's response to defendants' demand

pursuant to CPLR 3017(c) is required to determine whether the amount in controversy exceeds

the sum or value of $75,000.00 and that pursuant to 28 U.S.C 1446(c)(1), defendants have one

year from commencement of the action to remove unless the district court finds that the plaintiff

has acted in bad faith in order to prevent a defendant from removing the action. Furthermore, we

advised in the letter, that if Plaintiff fails to respond to Defendants' Demand Pursuant to CPLR

3017(c), and it is later determined one year after commencement of the action that the amount in

controversy exceeds $75,000.00, defendants will file removal of this action and consider that

plaintiff acted in bad faith in order to prevent defendant from removing the action pursuant to 28

U.S.C. 1446(c)(1). We requested once again that Plaintiff respond to the Supplemental Demand

Request ("January Letter").  True and correct copies of the January 6, 2020 letter, as well as e-

mail with attached letter sent, is annexed hereto as Exhibit J.

3

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 7 of 87 PageID #: 244

11.     On January 6, 2020, the undersigned offices also called the Compliance, Conference and Settlement Part of the Supreme Court of the State of New York, County of Queens and spoke with Brooke Rubenstein, Court Analyst and discussed Plaintiff's failure to respond to discovery including Defendants' Demand Pursuant to CPLR § 3017(c) and advising of Defendants time restraints to remove the action if subject to removal based on diversity jurisdiction. Ms. Rubenstein authorized our offices to file a Motion to Compel to The Honorable Cheree A. Buggs, the IAS Judge assigned to this case. Defendants began preparing the Motion.

12.     On January 16, 2020, the undersigned received a call from and spoke with Leslie Ann Sanchez, Paralegal at Lerner, Arnold & Winston, LLP. Ms. Sanchez stated she was calling on behalf of Jacob Levine, Lerner, Arnold & Winston, LLP, attorneys for Plaintiff, and that they had received our Discovery Demands and follow-up letters, and that they would have responses to all the demands by Wednesday, January 22, 2020, and would also e-mail us a copy of the responses on that day. Ms. Sanchez requested we not file a Motion to Compel responses for the outstanding discovery. The undersigned replied that we were about to file a Motion to Compel but that if Plaintiff was going to have responses by Wednesday, we would withhold filing the Motion to Compel. We advised Ms. Sanchez that in particular we were seeking a response to Defendants' Demand Pursuant to CPLR 3017(c) and that our time to remove under the statute was limited. She stated she understood our concern and would provide responses on Wednesday, January 22, 2020.

13.     On Wednesday, January 22, 2020, no responses were received. The following day, on January 23, 2020, we called Ms. Sanchez to inquire about the responses. She stated that the draft responses were sitting on Jacob's [Levine] desk for his signature. She took the undersigned's e-mail addresses and said she would e-mail the responses once Attorney Levine

4

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 8 of 87 PageID #: 245

signed them. The undersigned told her we were going to file the Motion to Compel because we were under a short timeframe but didn't file it because of her request not to as they would be responding to the outstanding discovery responses. She acknowledged it and said she would tell Jacob [Levine]. On Friday, January 24, 2020, our offices received a call from Ms. Sanchez asking again for the undersigned's email address as she had misplaced it. The undersigned's e-mail address was provided.

14.     On Monday, January 27, 2020, the undersigned received by e-mail responses to Defendant's Demand for a Verified Bill of Particulars and other discovery demands but no response was received for Defendants' Demand Pursuant to CPLR § 3017(c). Undersigned counsel sent an email to Ms. Sanchez and Mr. Levine stating that we had not received a response to our Demand Pursuant to CPLR § 3017(c) despite their repeated assurances they would be providing it. Attached as Exhibit K is a true and correct copy of the e-mail sent on January 27, 2020. Plaintiff requested another copy of the Demand Pursuant to CPLR § 3017(c), which was sent. Attached as Exhibit L is a true and correct copy of Ms. Sanchez's E-mail Response and undersigned's e-mail response.

15.     To date, Plaintiff has not responded to Defendants' Demand Pursuant to CPLR 3017(c).

16.     As stated in the January Letter, Defendants made the Supplemental Demand Request to determine if this action was removable to federal court.  District courts have original jurisdiction of all civil actions where the amount in controversy is greater than $75,000 and diversity of citizenship exists between the parties (USC § 1332 [a]).

17.     A defendant seeking to remove a case to federal court must file a notice of removal in the district court setting forth the grounds upon which removal is based (USC §

5

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 9 of 87 PageID #: 246

1446[a]).  Generally, the notice of removal must be filed within 30 days of receiving a copy of the initial pleading (USC § 1446 [b] [1]).

18.     However, where the initial pleading does not specify the amount of monetary damages sought, the 30-day period for filing the notice of removal begins with the service of the first paper that explicitly states the amount of damages sought. (*Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 [2d Cir. 2010]).

19.     In personal injury actions in New York, the complaint must not state the amount of damages to which the pleader deems himself entitled.  However, a party against whom an action to recover damages for personal injuries is brought may, at any time, request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  (CPLR 3017 [c]); (*Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 [2d Cir. 2010]). That supplemental demand must be provided by the party bringing the action within fifteen days of the request.  (CPLR 3017 [c]).

20.     In addition to the 30 day window, "a case cannot be removed more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action" (28 USC § 1446 [c] [1]).

21.     In federal court, a civil action is commenced by filing a complaint with the court (Fed Rules Civ Pro rule 3).  In New York State court , an action is commenced by filing a summons and complaint or summons with notice (CPLR 304 [a]).

22.     Under either federal or New York State law, Plaintiff commenced this action on April 17, 2019 by filing the Summons and Complaint in the Supreme Court of the State of New York, County of Queens on April 17, 2019 (Ex. B) against American Airlines Group Inc. On September 5, 2019, Plaintiff filed an Amended Summons and Amended Complaint naming as a

6

defendant, American Airlines, Inc. Therefore, absent a showing of Plaintiff's bad faith, the defendants arguably have until April 17, 2020 to remove this action to federal court (*see* USC § 1446[c][1]).

23.     Defendants have been diligent in seeking a response to the Demand Pursuant to CPLR 3017(c) in order to determine the amount in controversy for this action and to ascertain whether this action is removable.  The Supplemental Demand Request was served on Plaintiff on September 12, 2019, the same day Defendants served their answers to the Amended Complaint. Under New York State law, Plaintiff should have responded to the Supplemental Demand Request by September 27, 2019, over four months ago (*see* CPLR 3017[c]).  Despite follow-up letters on dated October 14, 2019 and January 6, 2020 and a Preliminary Conference Order directing Plaintiff to respond dated November 13, 2019, Plaintiff has in bad faith failed to respond to the Supplemental Demand Request in order to determine the damages sought and also to prevent defendant from removing the action.  Defendants have informed Plaintiff of the one-year time limit to remove and their obligation to respond to the Supplemental Demand Request, yet still Plaintiff has not responded (*see* Exhibit J, January Letter).

24.     As Plaintiff continues to defy Court Order and demands of defendants, in bad faith to prevent discovery of damages and in order to prevent defendant from removing the action, the defendants will be prejudiced if at a later time Plaintiff demonstrates that her damages exceed $75,000.00, Defendant will remove the action after the one-year window has closed and present an argument that Plaintiff has acted in bad faith, costing the court, Plaintiff, and Defendant time and resources in resolving this issue and needlessly duplicating discovery effort in the federal court should the case eventually be removed.

7

Case 1:20-cv-01092-AMD-JO  Document 1-19  Filed 02/27/20  Page 11 of 87 PageID #: 248

25.      Defendants respectfully request an Order pursuant to CPLR 3124, compelling

Plaintiff to respond to Defendants' Demand Pursuant to CPLR 3017(c) dated September 12,

2019, and and/or for sanctions pursuant to CPLR 3126, for Plaintiff failure to respond in bad

faith, that Plaintiff be precluded from producing any evidence that her damages or recovery

exceed $75,000.00, and for attorneys' fees and costs in preparing and making this motion.

WHEREFORE, for the reasons set forth herein, American Airlines Group Inc. and

American Airlines, Inc. respectfully request that this motion be granted, and that Shirley Brown

be compelled to respond to Defendants' CPLR 3017(c) Supplemental Demand Request dated

September 12, 2019, and/or for sanctions and for such other and further relief as the court deems

just and proper.


Dated: January 29, 2020
          New York, New York


                                               Respectfully yours,


                                               ___s/Alice Chan_____
                                               Alice Chan
                                               CHAN & GRANT, LLP
                                               Attorneys for Defendants
                                               American Airlines Group Inc. and
                                               American Airlines, Inc.
                                               61 Lexington Avenue, Suite 1G
                                               New York, New York 10010
                                               Tel: (646) 779-2988
                                               Fax: (646) 779-2950


                                               8

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 12 of 87 PageID #: 249

# Exhibit A

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 13 of 87 PageID #: 250

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
SHIRLEY BROWN,

                      Plaintiff,

   -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                     Defendants.

-------------------------------------------------------------X

Index No.: 706805/2019

DEMAND PURSUANT TO
CPLR § 3017(c)

     **PLEASE TAKE NOTICE**, that the defendants, AMERICAN AIRLINES, INC. and

AMERICAN AIRLINES GROUP INC., pursuant to CPLR § 3017(c), hereby demand that the

plaintiff serves upon the defendants, within fifteen (15) days hereof, a Supplemental Demand

setting forth the total damages to which they deem themselves entitled.

Dated: September 12, 2019
      New York, New York

                                     Respectfully yours,

                                     Alice Chan
                                     CHAN & GRANT, LLP
                                     Attorneys for Defendants
                                     American Airlines, Inc. and
                                     American Airlines Group Inc.
                                     61 Lexington Avenue, Suite 1G
                                     New York, New York 10010
                                     Tel: (646) 779-2988
                                     Fax: (646) 779-2950

To:    Jacob L. Levine
       LERNER, ARNOLD & WINSTON, LLP
       475 Park Avenue South, 28th Floor
       New York, New York 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
SHIRLEY BROWN,

                              Plaintiff,

    -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES INC.

                              Defendants.
-----------------------------------------------------------X

Index No.: 706805/2019

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

       KENNETH LO, being duly sworn, deposes and says, that deponent is not a party of this

action, is over 18 years of age and resides in New York, New York; that on the 12th day of

September, 2019, deponent served the Demand Pursuant to CPLR § 3017(c) upon the below

addressee(s), by depositing a true copy thereof enclosed in a post-paid wrapper, in an official

depository under the exclusive care and custody of the U.S. Postal Service within New York

State, addressed to each of the following persons at the last known address set forth after each

name *(see service list below)*.

    Service List

    Jacob L. Levine
    LERNER, ARNOLD & WINSTON, LLP
    475 Park Avenue South, 28th Floor
    New York, New York 10016

                                              Kenneth Lo

Sworn to before me this
12th of September 2019

ALICE CHAN
Notary Public, State of New York
No. 02CH6050295
Qualified in Queens County
Commission Expires October 30, 20 21

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 15 of 87 PageID #: 252

Index No: 706805/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
SHIRLEY BROWN,

                            Plaintiff,
            -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES, INC.

                            Defendants.

---

### DEMAND PURSUANT TO
### CPLR § 3017(c)

---

*LAW OFFICES*
*CHAN & GRANT, LLP*
Attorneys for Defendant(s)
American Airlines, Inc. and
American Airlines Group Inc.
61 Lexington Avenue, Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646)779-2950

2

Case 1:20-cv-01092-AMD-JO  Document 1-19  Filed 02/27/20  Page 16 of 87 PageID #: 253

# Exhibit B

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 17 of 87 PageID #: 254

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

SHIRLEY BROWN,

                    Plaintiff,

       -against-

AMERICAN AIRLINES GROUP INC.,
and JANE DOE,

                 Defendants.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates
**QUEENS**
County as the place of trial
**SUMMONS**

The basis of the venue:
CPLR 504
the place of Plaintiff's injury

TO THE ABOVE NAMED DEFENDANT(s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusively of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 17, 2019

                          LERNER, ARNOLD & WINSTON, LLP
                          Attorneys for Plaintiff

                          By:_____
                             Jacob L. Levine
                          475 Park Avenue South, 28th Floor
                          New York, New York 10016
                          (212) 686-4655

To: American Airlines Group Inc.: c/o New York State Secretary of State

LAW
LERNER · ARNOLD · WINSTON

FILED: QUEENS COUNTY CLERK 04/17/2019 11:39 AM    INDEX NO. 706805/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/17/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
SHIRLEY BROWN,

                       Plaintiff,

           -against-

AMERICAN AIRLINES GROUP INC.,
and JANE DOE,

                 Defendants.
-------------------------------------------------------------------X

Index No.:

**COMPLAINT**

     Plaintiff, SHIRLEY BROWN, by her attorneys, LERNER, ARNOLD & WINSTON, LLP, as and for their Verified Complaint herein alleges upon information and belief as follows:

     1.     At all times hereinafter mentioned, Plaintiff SHIRLEY BROWN ("Plaintiff") was and still is an individual over the age of eighteen, and a resident and citizen of the State of New York, County of New York.

     2.     At all times hereinafter mentioned, Defendant AMERICAN AIRLINES GROUP INC. ("AMERICAN AIRLINES") was and still is a domestic corporation incorporated in the State of Delaware with its principal place of business in Texas.

     3.     At all times hereinafter mentioned, Defendant AMERICAN AIRLINES INC. was and still is a foreign corporation authorized to do business in the State of New York.

     4.     At all times hereinafter mentioned, Defendant JANE DOE was and still is an individual over the age of eighteen, and a resident and citizen of the State of New York, County of New York.

LAW
LNER · ARNOLD · WINSTON

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 19 of 87 PageID #: 256

5.      Upon information and belief, at all relevant times, AMERICAN AIRLINES is a common carrier and operated commercial flights and operated the planes thereon.

6.      Upon information and belief, at all relevant times, AMERICAN AIRLINES owned the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

7.      Upon information and belief, at all relevant times, AMERICAN AIRLINES leased the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

8.      Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is responsible for maintaining the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

9.      Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still does operate for maintaining the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

10.     Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is a common carrier for the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

11.     Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is responsible for providing safe passage for its paying customers on board the planes

2

LAW
LNER·ARNOLD·WINSTON

traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

12. Upon information and belief, at all relevant times, AMERICAN AIRLINES had the duty to protect and maintain the physical safety of its customers and patrons while on board the plane, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

13. On August 28, 2017, Defendant JANE DOE was a lawful paying customer of AMERICAN AIRLINES, on board flight AA366 from New York (JFK) to San Diego.

14. On August 28, 2017, Plaintiff SHIRLEY BROWN was a lawful paying customer of AMERICAN AIRLINES, boarding flight AA366 from New York (JFK) to San Diego.

15. On August 28, 2017, Plaintiff SHIRLEY BROWN was a lawful paying customer of AMERICAN AIRLINES, boarding flight AA366 from New York (JFK) to San Diego when she was seriously injured by JANE DOE before take-off.

16. On August 28, 2017, Plaintiff SHIRLEY BROWN was boarding flight AA366 from New York (JFK) to San Diego, which was docked/parked at the gate at John F. Kennedy Airport in Queens, New York, when a heavy piece of luggage was negligently caused to fall on her head, which caused serious injuries including, but not limited to head injuries including but not limited to, traumatic brain injuries, post-concussion syndrome, migraines, face numbness and nerve damage.

17. Upon information and belief, Defendant AMERICAN AIRLINES, its agents,

3

servants, and/or employees, were negligent in: creating and/or allowing the plane and its overhead compartments to become and remain in a dangerous, defective and/or unsafe condition, including, but not limited to an inadequate warning of the danger of falling luggage; causing and/or allowing flight AA366 and the overhead luggage to be maintained in a negligent and careless manner; creating and/or permitting a dangerous, defective and/or unsafe condition to exist and/or remain on flight AA366; failing to correct and/or change the dangerous, defective and/or unsafe condition although AMERICAN AIRLINES, their agents, servants and/or employees knew of the existence of the dangerous and unsafe condition; failing to warn Plaintiff and others lawfully upon its planes of the dangerous and defective condition; failing to maintain and/or properly place warning signs, or other devices upon flight AA366 to warn Plaintiff and others lawfully upon its plane of the dangerous, defective and/or unsafe condition; in failing to inspect and/or properly inspect the aforementioned area of the occurrence; failing to repair and/or properly repair the dangerous, defective and/or unsafe condition existing at the aforementioned flight AA366; failing to have competent personnel operate, inspect, oversee and maintain the overhead compartments aboard the plane and particularly the one from flight AA366; failing to instruct such personnel to properly operate, inspect and maintain the overhead compartments; failing to properly supervise such personnel and other passengers aboard the plane; failing to have competent personnel to operate, control and oversee the handling of the overhead compartments; violating those statutes, ordinances, rules and regulations relating to the maintenance, repair, oversight and complicit conduct regarding common carriers overseeing the loading of overhead compartments on a plane; failing to properly create, design, configure and construct its planes for safe passage for all of its customers; failing to exercise that degree of care required under the

4

circumstances.

18.     That on August 28, 2017, Defendant AMERICAN AIRLINES was negligent, careless and reckless in supervising its agents, servants, employees, licensees, contractors and/or subcontractors at the subject airplane; was negligent, careless and reckless in failing to safely own, operate, manage and/or control said airplane and the persons thereat; in failing to prevent the aforesaid physical injury from occurring; and in failing to come to the assistance and aid of the Plaintiff after the injurious event.

19.     The aforementioned occurrence took place due to the negligence of the Defendant, AMERICAN AIRLINES, its agents, servants, employees, licensees, contractors and/or subcontractors, acting within the scope of their authority, within the scope of their employment and in the furtherance of their agency.

20.     Upon information and belief, Defendant AMERICAN AIRLINES had actual and/or constructive notice of the dangerous, defective and/or unsafe condition of its planes, including, but not limited to a designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

21.     Upon information and belief, Defendant JANE DOE caused the dangerous, defective and/or unsafe condition on flight AA366 from New York (JFK) to San Diego on August 28, 2017.

22.     Upon information and belief, Defendant JANE DOE was negligent, careless and reckless in causing injuries to Plaintiff during in-flight boarding; in failing to prevent the

5

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 23 of 87 PageID #: 260

aforesaid physical injury from occurring; in failing to properly load luggage to the overhead compartment; and in failing to come to the assistance and aid of the Plaintiff after the injurious event on flight AA366 from New York (JFK) to San Diego on August 28, 2017.

23.  That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

24.  As a result of the incident, Plaintiff SHIRLEY BROWN has suffered serious injuries, including, but not limited to head injuries including but not limited to, traumatic brain injuries, post-concussion syndrome, migraines, face numbness and nerve damage. As a result of said injuries Plaintiff has become sick, sore, lame and disabled; has suffered, and will continue to suffer pain and anguish in body and mind; and has necessarily received hospital and medical care and treatment for her injuries for which expenses have been and will continue to be incurred.

25.  AMERICAN AIRLINES has neglected and refused to adjust or pay Plaintiff's claim.

26.  This action has been commenced within three (3) years after Plaintiff's claim arose.

27.  By reason of the foregoing, Plaintiff SHIRLEY BROWN is entitled to damages upon his claim for pain and suffering, lost wages and economic damages, each in an amount to be determined by a Queens County Jury at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants AMERICAN AIRLINES and JANE DOE, in an amount in excess of all courts of lower jurisdiction, to be

6

Index No.:                          Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SHIRLEY BROWN,

                        Plaintiff,

            -against-

AMERICAN AIRLINES GROUP INC.
and JANE DOE,

                        Defendants.

## SUMMONS AND COMPLAINT

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:  ___April 17, 2019___          Signature: _____

                                      Print Signer's Name:  ___Jacob L. Levine___

*Service of a copy of the within* _____ *]* *is hereby admitted.*

*Dated:*

                        .................................................
                        *Attorney(s) for*

### LERNER, ARNOLD & WINSTON, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 25 of 87 PageID #: 262

# Exhibit C

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested





9214 8969 0059 7931 0212 72

201907250021
C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK NY,10005

Case 1:20-cv-01092-AMD-JO  Document 1-19  Filed 02/27/20  Page 27 of 87 PageID #: 264

State of New York - Department of State
Division of Corporations

Party Served:                               Plaintiff/Petitioner:
AMERICAN AIRLINES, INC.                       BROWN, SHIRLEY


C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK,  NY 10005


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 07/12/2019 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


Very truly yours,
Division of Corporations

# Exhibit D

Case 1:20-cv-01927-AMD-JO   Document 1-18   Filed 04/27/20   Page 29 of 87 PageID #: 266

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

SHIRLEY BROWN

                                            **Plaintiff(s)**

- against -

AMERICAN AIRLINES GROUP INC. AND JANE DOE

                                           **Defendant(s)**

Attorney: LERNER ARNOLD & WINSTON
LLP - 1761

Index #: 706805/2019

Purchased: April 17, 2019
Date Filed:

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

STEVEN C AVERY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 12, 2019 at 12:15 PM at

THE OFFICE OF THE SECRETARY OF STATE
99 WASHINGTON AVENUE
ALBANY, NY12231

deponent served the within two true copies of the SUMMONS & COMPLAINT on AMERICAN AIRLINES, INC. S/H/A AMERICAN AIRLINES GROUP INC., the defendant/respondent therein named,

**SECRETARY**     by delivering two true copies to SUE ZOUKY personally, an agent in the office of the Secretary of State of the State
**OF STATE**       of New York and knew said individual to be AUTHORIZED to accept thereof.

Service upon the N.Y.S. Secretary of State under Section 306 of the Business Corporation Law and tendering the required fee of $40.00.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| FEMALE | WHITE | BLONDE | 55 | 5'1 | 150 |

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to me on:  July 16, 2019

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2022

Robin Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2021

Gotham Process Inc.
299 Broadway
New York NY 10007

**STEVEN C AVERY**

Docket #:    **\*1125477\***

1 of 1

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 30 of 87 PageID #: 267

# Exhibit E

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 31 of 87 PageID #: 268

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------X

SHIRLEY BROWN,

                      Plaintiff,                         Index No.:

      -against-                               **AMENDED**
                                                **COMPLAINT**

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES INC.,

                      Defendants.
--------------------------------------------------------------------------X

      Plaintiff, SHIRLEY BROWN, by her attorneys, LERNER, ARNOLD & WINSTON,

LLP, as and for their Verified Complaint herein alleges upon information and belief as follows:

      1.      At all times hereinafter mentioned, Plaintiff SHIRLEY BROWN ("Plaintiff") was

and still is an individual over the age of eighteen, and a resident and citizen of the State of New

York, County of New York.

      2.      At all times hereinafter mentioned, Defendant AMERICAN AIRLINES GROUP

INC. ("AMERICAN AIRLINES") was and still is a domestic corporation incorporated in the

State of Delaware with its principal place of business in Texas.

      3.      At all times hereinafter mentioned, Defendant AMERICAN AIRLINES INC. was

and still is a foreign corporation authorized to do business in the State of New York.

      4.      At all times hereinafter mentioned, Defendant JANE DOE was and still is an

individual over the age of eighteen, and a resident and citizen of the State of New York, County

of New York.



5.      At all times hereinafter mentioned, Defendant AMERICAN AIRLINES INC. ("AMERICAN INC") was and still is a domestic corporation incorporated in the State of Delaware with its principal place of business in Texas.

6.      Upon information and belief, at all relevant times, AMERICAN AIRLINES is a common carrier and operated commercial flights and operated the planes thereon.

7.      Upon information and belief, at all relevant times, AMERICAN AIRLINES owned the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

8.      Upon information and belief, at all relevant times, AMERICAN AIRLINES leased the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

9.      Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is responsible for maintaining the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

10.      Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still does operate for maintaining the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

11.      Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is a common carrier for the planes traversing the airways, including, but not limited to a


LAW
NER·ARNOLD·WINSTON

2

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 33 of 87 PageID #: 270

plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

12.     Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is responsible for providing safe passage for its paying customers on board the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

13.     Upon information and belief, at all relevant times, AMERICAN AIRLINES had the duty to protect and maintain the physical safety of its customers and patrons while on board the plane, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

14.     Upon information and belief, at all relevant times, AMERICAN INC is a common carrier and operated commercial flights and operated the planes thereon.

15.     Upon information and belief, at all relevant times, AMERICAN INC owned the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

16.     Upon information and belief, at all relevant times, AMERICAN INC leased the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

17.     Upon information and belief, at all relevant times, AMERICAN INC was and still is responsible for maintaining the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

3



Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 34 of 87 PageID #: 271

18.      Upon information and belief, at all relevant times, AMERICAN INC was and still does operate for maintaining the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

19.      Upon information and belief, at all relevant times, AMERICAN INC was and still is a common carrier for the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

20.      Upon information and belief, at all relevant times, AMERICAN INC was and still is responsible for providing safe passage for its paying customers on board the planes traversing the airways, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

21.      Upon information and belief, at all relevant times, AMERICAN INC had the duty to protect and maintain the physical safety of its customers and patrons while on board the plane, including, but not limited to a plane designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

22.      On August 28, 2017, Defendant JANE DOE was a lawful paying customer of AMERICAN AIRLINES and/or AMERICAN INC, on board flight AA366 from New York (JFK) to San Diego.

23.      On August 28, 2017, Plaintiff SHIRLEY BROWN was a lawful paying customer of AMERICAN AIRLINES and/or AMERICAN INC, boarding flight AA366 from New York (JFK) to San Diego.

4



24.     On August 28, 2017, Plaintiff SHIRLEY BROWN was a lawful paying customer of AMERICAN AIRLINES and/or AMERICAN INC, boarding flight AA366 from New York (JFK) to San Diego when she was seriously injured by JANE DOE before take-off.

25.     On August 28, 2017, Plaintiff SHIRLEY BROWN was boarding flight AA366 from New York (JFK) to San Diego, which was docked/parked at the gate at John F. Kennedy Airport in Queens, New York, when a heavy piece of luggage was negligently caused to fall on her head, which caused serious injuries including, but not limited to head injuries including but not limited to, traumatic brain injuries, post-concussion syndrome, migraines, face numbness and nerve damage.

26.     Upon information and belief, Defendants AMERICAN AIRLINES and/or AMERICAN INC, its agents, servants, and/or employees, were negligent in: creating and/or allowing the plane and its overhead compartments to become and remain in a dangerous, defective and/or unsafe condition, including, but not limited to an inadequate warning of the danger of falling luggage; causing and/or allowing flight AA366 and the overhead luggage to be maintained in a negligent and careless manner; creating and/or permitting a dangerous, defective and/or unsafe condition to exist and/or remain on flight AA366; failing to correct and/or change the dangerous, defective and/or unsafe condition although AMERICAN AIRLINES and/or AMERICAN INC, their agents, servants and/or employees knew of the existence of the dangerous and unsafe condition; failing to warn Plaintiff and others lawfully upon its planes of the dangerous and defective condition; failing to maintain and/or properly place warning signs, or other devices upon flight AA366 to warn Plaintiff and others lawfully upon its plane of the

5



Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 36 of 87 PageID #: 273

dangerous, defective and/or unsafe condition; in failing to inspect and/or properly inspect the aforementioned area of the occurrence; failing to repair and/or properly repair the dangerous, defective and/or unsafe condition existing at the aforementioned flight AA366; failing to have competent personnel operate, inspect, oversee and maintain the overhead compartments aboard the plane and particularly the one from flight AA366; failing to instruct such personnel to properly operate, inspect and maintain the overhead compartments; failing to properly supervise such personnel and other passengers aboard the plane; failing to have competent personnel to operate, control and oversee the handling of the overhead compartments; violating those statutes, ordinances, rules and regulations relating to the maintenance, repair, oversight and complicit conduct regarding common carriers overseeing the loading of overhead compartments on a plane; failing to properly create, design, configure and construct its planes for safe passage for all of its customers; failing to exercise that degree of care required under the circumstances.

27.     That on August 28, 2017, Defendants AMERICAN AIRLINES and/or AMERICAN INC were negligent, careless and reckless in supervising its agents, servants, employees, licensees, contractors and/or subcontractors at the subject airplane; was negligent, careless and reckless in failing to safely own, operate, manage and/or control said airplane and the persons thereat; in failing to prevent the aforesaid physical injury from occurring; and in failing to come to the assistance and aid of the Plaintiff after the injurious event.

28.     The aforementioned occurrence took place due to the negligence of the Defendants, AMERICAN AIRLINES and/or AMERICAN INC, its agents, servants, employees, licensees, contractors and/or subcontractors, acting within the scope of their authority, within the



6

Case 1:20-cv-01092-AMD-JO  Document 1-19  Filed 02/27/20  Page 37 of 87 PageID #: 274

scope of their employment and in the furtherance of their agency.

29.     Upon information and belief, Defendants AMERICAN AIRLINES and/or AMERICAN INC had actual and/or constructive notice of the dangerous, defective and/or unsafe condition of its planes, including, but not limited to a designated flight AA366 from New York (JFK) to San Diego on August 28, 2017.

30.     Upon information and belief, Defendant JANE DOE caused the dangerous, defective and/or unsafe condition on flight AA366 from New York (JFK) to San Diego on August 28, 2017.

31.     Upon information and belief, Defendant JANE DOE was negligent, careless and reckless in causing injuries to Plaintiff during in-flight boarding; in failing to prevent the aforesaid physical injury from occurring; in failing to properly load luggage to the overhead compartment; and in failing to come to the assistance and aid of the Plaintiff after the injurious event on flight AA366 from New York (JFK) to San Diego on August 28, 2017.

32.     That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

33.     As a result of the incident, Plaintiff SHIRLEY BROWN has suffered serious injuries, including, but not limited to head injuries including but not limited to, traumatic brain injuries, post-concussion syndrome, migraines, face numbness and nerve damage. As a result of said injuries Plaintiff has become sick, sore, lame and disabled; has suffered, and will continue to suffer pain and anguish in body and mind; and has necessarily received hospital and medical care



7

and treatment for her injuries for which expenses have been and will continue to be incurred.

34.    AMERICAN AIRLINES has neglected and refused to adjust or pay Plaintiff's claim.

35.    AMERICAN INC has neglected and refused to adjust or pay Plaintiff's claim.

36.    This action has been commenced within three (3) years after Plaintiff's claim arose.

37.    By reason of the foregoing, Plaintiff SHIRLEY BROWN is entitled to damages upon his claim for pain and suffering, lost wages and economic damages, each in an amount to be determined by a Queens County Jury at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants AMERICAN AIRLINES, JANE DOE and AMEICAN INC in an amount in excess of all courts of lower jurisdiction, to be determined by a Queens County Jury at the time of trial, together with the costs and disbursements of this action and such further relief as may be just.

Dated: New York, New York
       September 5, 2019

                                        LERNER, ARNOLD & WINSTON, LLP
                                        Attorneys for Plaintiff

                                        By _____
                                            Jacob L. Levine
                                        475 Park Avenue South, 28th Floor
                                        New York, New York 10016
                                        (212) 686-4655

8

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 39 of 87 PageID #: 276

Index No.:                  Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SHIRLEY BROWN,

              Plaintiff,

      -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES INC.,

             Defendants.

## AMENDED SUMMONS AND COMPLAINT

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* _____September 5, 2019_____      *Signature:* _____

                                *Print Signer's Name:* _____Jacob L. Levine_____

*Service of a copy of the within*           ]    *is hereby admitted.*

*Dated:*

          .................................................
                *Attorney(s) for*

### LERNER, ARNOLD & WINSTON, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 40 of 87 PageID #: 277

# Exhibit F

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 41 of 87 PageID #: 278

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
SHIRLEY BROWN,

                                   Plaintiff,

        -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                                   Defendants.
-------------------------------------------------------------X

Index No.: 706805/2019

Answer

DEFENDANT, AMERICAN AIRLINES, INC. (hereinafter referred to as "Defendant")

by its attorneys CHAN & GRANT, LLP, as and for its Answer to Plaintiff's Amended

Complaint (hereinafter referred to as "Amended Complaint") alleges on information and belief

as follows:

1.      Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph "1" of the Amended Complaint.

2.      Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph "2" of the Amended Complaint.

3.      Admits the allegations in paragraph "3" of the Amended Complaint.

4.      Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph "4" of the Amended Complaint.

5.      Denies the allegations in paragraph "5" of the Amended Complaint, except admits

that it is a foreign corporation incorporated in the State of Delaware with its principal place of

business in Texas.

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 42 of 87 PageID #: 279

6.      Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "6" of the Amended Complaint

7.      Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "7" of the Amended Complaint.

8.      Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations paragraph "8" of the Amended Complaint.

9.      Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "9" of the Amended Complaint.

10.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "10" of the Amended Complaint.

11.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "11" of the Amended Complaint.

12.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "12" of the Amended Complaint.

13.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "13" of the Amended Complaint.

14.     Admits that defendant is a common carrier and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "14" of the Amended Complaint.

15.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "15" of the Amended Complaint.

16.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "16" of the Amended Complaint.

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 43 of 87 PageID #: 280

17.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "17" of the Amended Complaint.

18.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "18" of the Amended Complaint.

19.     Admits that defendant is a common carrier and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "19" of the Amended Complaint.

20.     Admits that defendant complies with certain applicable federal regulations and other regulations, policies, procedures and practices for the safe operation of its flight and air transportation of its passengers and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "20" of the Amended Complaint.

21.     Admits that defendant complies with certain applicable federal regulations and other regulations, policies, procedures and practices for the safe operation of its flights and air transportation of its passengers and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "21" of the Amended Complaint.

22.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "22" of the Amended Complaint.

23.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "23" of the Amended Complaint.

24.     Denies the allegations in paragraph "24" of the Amended Complaint.

25.     Denies the allegations in paragraph "25" of the Amended Complaint.

3

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 44 of 87 PageID #: 281

26.     Denies the allegations in paragraph "26" of the Amended Complaint.

27.     Denies the allegations in paragraph "27" of the Amended Complaint.

28.     Denies the allegations in paragraph "28" of the Amended Complaint.

29.     Denies the allegations in paragraph "29" of the Amended Complaint.

30.     Denies the allegations in paragraph "30" of the Amended Complaint.

31.     Denies the allegations in paragraph "31" of the Amended Complaint.

32.     Denies the allegations in paragraph "32" of the Amended Complaint.

33.     Denies the allegations in paragraph "33" of the Amended Complaint.

34.     Denies any allegations of neglect and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "34" of the Amended Complaint.

35.     Admits that defendant has not made any payment on Plaintiff's claim, denies any allegations of neglect and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "35" of the Amended Complaint.

36.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "36" of the Amended Complaint.

37.     Denies the allegations in paragraph "37" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38.     Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39.     The alleged incident and damages allegedly sustained by Plaintiff were wholly or

in part caused by Plaintiff's own culpable conduct and/or comparative negligence and/or

assumption of risk.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40.     This action is governed by the Federal Aviation Act of 1958, 49 U.S.C. § 40101

et seq., which preempts state law standards governing aviation safety and flight operations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41.     This action is governed by the Airline Deregulation Act ("ADA"), 49 U.S.C. §

41713, which preempts state law standards governing rates, routes or services of any air carrier.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42.     The damages claimed by the Plaintiff, which are denied, were caused by

interceding, intervening and/or superseding acts of third parties and/or others not under control

of Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43.     Plaintiff failed to mitigate, lessen or reduce her damages and/or injuries.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44.     The damages allegedly sustained by Plaintiff were caused by the direct and

proximate negligence or intentional conduct of other parties, their agents or employees, or by

others unknown at this time over whom Defendant had no control, and in the event that

Defendant is found liable to Plaintiff, which liability is expressly and without reservation denied,

Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant

to applicable law.

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 46 of 87 PageID #: 283

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45.     Plaintiff's action is barred by all applicable statutes of limitations or time to

commence an action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46.     If the Plaintiff's allegations of the conditions set forth in the Amended Complaint

are proven to have existed, then such conditions were open, obvious, apparent and notorious to

Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

47.     The occurrences and damages alleged in the Amended Complaint, if any, resulted

from an unavoidable accident, a sudden emergency or condition or occurrence for which

Defendant cannot be held liable or responsible.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEENSE

48.     Defendant did not create a defective or dangerous condition where the alleged

accident occurred; Defendant had no actual or constructive notice of any alleged dangerous or

defective condition, and/or Defendant did not have a reasonable time within which to correct any

such alleged condition or warn others about its existence.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are preempted, in whole or in part, by federal law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

50.     The damages alleged by Plaintiff were not proximately caused by any negligence

or culpable conduct on the part of Defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred in whole or in part because Plaintiff had the last clear

chance to avoid the injury.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver and

estoppel.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

53.     For further defense and/or affirmative defense, should any damages be awarded,

the liability and responsibility for same Defendant without reservations deny and without

limitations deny, that Defendant is entitled to a reduction and/or set off for all amounts subject to

settlement by or on behalf of any other party or entity subject to that law, which the Court shall

determine as applicable or controlling as to the instant cause and claims herein.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

54.     Plaintiff could with due diligence have obtained personal jurisdiction over

tortfeasor not a party to this lawsuit, and who are necessary and/or indispensable to a just

adjudication of her claims, and thus the culpability of these missing or absent tortfeasors may be

computed in the apportionment of total culpability causing the subject occurrence.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

55.     Defendant's liability, if any, to Plaintiff is limited under Article 16 of the Civil

Practice Law & Rules of the State of New York, including CPLR § 1601, in which Defendant

demands that its liability, if any, to Plaintiff for non-economic loss be limited to its equitable

share, determined in accordance with the relative culpability of each and every party or non-party causing or contributing to the total liability of Plaintiff's non-economic damages.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

56.     Plaintiff has received remuneration and/or compensation for some or all of the claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, Defendant is entitled to have Plaintiff's award, if any reduced by said remuneration and/or compensation pursuant to CPLR § 4545.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

57.     Pursuant to CPLR § 1401, Defendant is entitled to a set-off under General Obligations Law § 15-108 to the extent that a release or a covenant not to sue or not to enforce a judgment was given to one or more persons liable or claimed to be liable for Plaintiff's injury, and Defendant is entitled to a reduction of the claim of the Plaintiff/releasor against other tortfeasor(s) to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it or in the amount of the released tortfeasor's equitable share of damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

58.     Defendant at all times herein mentioned maintained any premises under its custody and control with the proper degree of reasonable care.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

59.     The Court lacks personal jurisdiction over Defendant.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

60.     That for further defense and/or affirmative defense, should any damages be awarded, the liability and responsibility for same Defendant without reservation and without

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 49 of 87 PageID #: 286

limitation denies, that Defendant is entitled to a reduction for all amounts paid, payable or otherwise available from all collateral sources.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice and enter judgment in Defendant's favor, award Defendant its reasonable costs and fees, including attorneys' fees, and grant Defendant such other and further relief as the Court deems just and proper.

Dated: September 12, 2019
      New York, New York

Respectfully yours,

Alice Chan
CHAN & GRANT, LLP
Attorneys for Defendant
American Airlines, Inc.
61 Lexington Avenue, Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646) 779-2950

To:    Jacob L. Levine
      LERNER, ARNOLD & WINSTON, LLP
      Attorney for Plaintiff
      475 Park Avenue South, 28th Floor
      New York, New York 10016

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 50 of 87 PageID #: 287

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
SHIRLEY BROWN,

                           Plaintiff,

     -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES, INC.

                         Defendants.
-----------------------------------------------------------------X

Index No.: 706805/2019

VERIFICATION

STATE OF NEW YORK    }
                           } SS.:
COUNTY OF NEW YORK  }

     I, Alice Chan, am a Partner with the law firm of Chan & Grant, LLP, attorneys for

defendant, AMERICAN AIRLINES, INC., and affirm the following to be true under the

penalties of perjury:

     I have read the foregoing American Airlines, Inc.'s Answer to Plaintiff's Amended

Complaint and know the contents thereof: that the same are true to my knowledge except to

those matters therein stated to be alleged upon information and belief, and to those matters I

believe them to be true.

     This Verification is made by affirmant and not by the American Airlines, Inc. because the

American Airlines, Inc. is a foreign corporation.

Dated: New York, New York
       September 12, 2019

                                       CHAN & GRANT, LLP

                                              Alice Chan

10

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 51 of 87 PageID #: 288

Index No: 706805/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SHIRLEY BROWN,

                    Plaintiff,

        -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES INC.

                    Defendants.

---

## ANSWER

*LAW OFFICES*
*CHAN & GRANT, LLP*
Attorneys for Defendant
AMERICAN AIRLINES, INC.
61 Lexington Avenue, Suite 1G
New York, New York 10010
(646) 779-2988

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 52 of 87 PageID #: 289

# Exhibit G

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 53 of 87 PageID #: 290

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
SHIRLEY BROWN,

                      Plaintiff,

   -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                  Defendants.
-------------------------------------------------------------X

Index No.: 706805/2019

Answer

       DEFENDANT, AMERICAN AIRLINES GROUP INC. (hereinafter referred to as

"American Airlines Group") by its attorneys CHAN & GRANT, LLP, as and for its Answer to

Plaintiff's Amended Complaint, (hereinafter referred to as "Amended Complaint") alleges on

information and belief as follows:

      1.     Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph "1" of the Amended Complaint.

      2.     Denies the allegations in paragraph "2" of the Amended Complaint, except admits

that it is a foreign corporation incorporated in the State of Delaware with its principal place of

business in Texas.

      3.     Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph 3 of the Amended Complaint.

      4.     Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph "4" of the Amended Complaint.

      5.     Denies knowledge and information sufficient to form a belief as to the truth or

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 54 of 87 PageID #: 291

accuracy of the allegations paragraph "5" of the Amended Complaint.

6.     Denies the allegations in paragraph "6" of the Amended Complaint.

7.     Denies the allegations in paragraph "7" of the Amended Complaint.

8.     Denies the allegations in paragraph "8" of the Amended Complaint.

9.     Denies the allegations in paragraph "9" of the Amended Complaint.

10.    Denies the allegations in paragraph "10" of the Amended Complaint.

11.    Denies the allegations in paragraph "11" of the Amended Complaint.

12.    Denies the allegations in paragraph "12" of the Amended Complaint.

13.    Denies the allegations in paragraph "13" of the Amended Complaint.

14.    Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "14" of the Amended Complaint.

15.    Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "15" of the Amended Complaint.

16.    Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "16" of the Amended Complaint.

17.    Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "17" of the Amended Complaint.

18.    Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "18" of the Amended Complaint.

19.    Denies knowledge and information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph "19" of the Amended Complaint.

20.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "20" of the Amended Complaint.

21.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "21" of the Amended Complaint.

22.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "22" of the Amended Complaint.

23.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "23" of the Amended Complaint.

24.     Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegation that Plaintiff Shirley Brown was a lawful paying customer of American Airlines, Inc. and denies the remaining allegations in paragraph "24" of the Amended Complaint.

25.     Denies the allegations in paragraph "25" of the Amended Complaint.

26.     Denies the allegations in paragraph "26" of the Amended Complaint and respectfully refers all matters of law to the court to determine.

27.     Denies the allegations in paragraph "27" of the Amended Complaint.

28.     Denies the allegations in paragraph "28" of the Amended Complaint.

29.     Denies the allegations in paragraph "29" of the Amended Complaint.

30.     Denies the allegations in paragraph "30" of the Amended Complaint.

31.     Denies the allegations in paragraph "31" of the Amended Complaint.

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 56 of 87 PageID #: 293

32. Denies the allegations in paragraph "32" of the Amended Complaint.

33. Denies the allegations in paragraph "33" of the Amended Complaint.

34. Admits that American Airlines Group Inc. has not made any payment on Plaintiff's claim, denies any allegation of neglect and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph "34" of the Amended Complaint.

35. Denies any allegation of neglect and denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "35" of the Amended Complaint.

36. Denies knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph "36" of the Amended Complaint.

37. Denies the allegations in paragraph "37" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. The alleged incident and damages allegedly sustained by Plaintiff were wholly or in part caused by Plaintiff's own culpable conduct and/or comparative negligence and/or assumption of risk.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. This action is governed by the Federal Aviation Act of 1958, 49 U.S.C. § 40101 et seq., which preempts state law standards governing aviation safety and flight operations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41.     This action is governed by the Airline Deregulation Act ("ADA"), 49 U.S.C. §

41713, which preempts state law standards governing rates, routes or services of any air carrier.


## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42.     The damages claimed by the Plaintiff, which are denied, were caused by

interceding, intervening and/or superseding acts of third parties and/or others not under control

of American Airlines Group.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43.     Plaintiff failed to mitigate, lessen or reduce her damages and/or injuries.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44.     The damages allegedly sustained by Plaintiff were caused by the direct and

proximate negligence or intentional conduct of other parties, their agents or employees, or by

others unknown at this time over whom American Airlines Group had no control, and in the

event that American Airlines Group is found liable to Plaintiff, which liability is expressly and

without reservation denied, American Airlines Group will be entitled to indemnification,

contribution or apportionment of liability pursuant to applicable law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45.     Plaintiff's action is barred by all applicable statutes of limitations or time to

commence an action.

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 58 of 87 PageID #: 295

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46.     If the Plaintiff's allegations of the conditions set forth in the Amended Complaint are proven to have existed, then such conditions were open, obvious, apparent and notorious to Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

47.     The occurrences and damages alleged in the Amended Complaint, if any, resulted from an unavoidable accident, a sudden emergency or condition or occurrence for which American Airlines Group cannot be held liable or responsible.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEENSE

48.     American Airlines Group did not create a defective or dangerous condition where the alleged accident occurred; American Airlines Group had no actual or constructive notice of any alleged dangerous or defective condition, and/or American Airlines Group did not have a reasonable time within which to correct any such alleged condition or warn others about its existence.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are preempted, in whole or in part, by federal law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

50.     The damages alleged by Plaintiff were not proximately caused by any negligence or culpable conduct on the part of American Airlines Group.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred in whole or in part because Plaintiff had the last clear chance to avoid the injury.

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 59 of 87 PageID #: 296

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver and estoppel.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

53.     For further defense and/or affirmative defense, should any damages be awarded, the liability and responsibility for same American Airlines Group without reservations deny and without limitations deny, that American Airlines Group is entitled to a reduction and/or set off for all amounts subject to settlement by or on behalf of any other party or entity subject to that law, which the Court shall determine as applicable or controlling as to the instant cause and claims herein.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

54.     Plaintiff could with due diligence have obtained personal jurisdiction over tortfeasor not a party to this lawsuit, and who are necessary and/or indispensable to a just adjudication of her claims, and thus the culpability of these missing or absent tortfeasors may be computed in the apportionment of total culpability causing the subject occurrence.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

55.     American Airlines Group's liability, if any, to Plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York, including CPLR § 1601, in which American Airlines Group demands that its liability, if any, to Plaintiff for non-economic loss be limited to its equitable share, determined in accordance with the relative culpability of each and every party or non-party causing or contributing to the total liability of Plaintiff's non-economic damages.

7

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

56.     Plaintiff has received remuneration and/or compensation for some or all of the claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, American Airlines Group is entitled to have Plaintiff's award, if any reduced by said remuneration and/or compensation pursuant to CPLR § 4545.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

57.     Pursuant to CPLR § 1401, American Airlines Group is entitled to a set-off under General Obligations Law § 15-108 to the extent that a release or a covenant not to sue or not to enforce a judgment was given to one or more persons liable or claimed to be liable for Plaintiff's injury, and American Airlines Group is entitled to a reduction of the claim of the Plaintiff/releasor against other tortfeasor(s) to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it or in the amount of the released tortfeasor's equitable share of damages.

### AS AND FOR A TWENTY- FIRST AFFIRMATIVE DEFENSE

58.     American Airlines Group at all times herein mentioned maintained any premises under its custody and control with the proper degree of reasonable care.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

59.     The Court lacks personal jurisdiction over American Airlines Group.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

60.     That for further defense and/or affirmative defense, should any damages be awarded, the liability and responsibility for same American Airlines Group without reservation and without limitation denies, that American Airlines Group is entitled to a reduction for all amounts paid, payable or otherwise available from all collateral sources.

8

WHEREFORE, American Airlines Group respectfully requests that the Court dismiss

Plaintiff's claims with prejudice and enter judgment in American Airlines Group's favor, award

American Airlines Group its reasonable costs and fees, including attorneys' fees, and grant

American Airlines Group such other and further relief as the Court deems just and proper.

Dated: September 12, 2019
New York, New York

Respectfully yours,

Alice Chan
CHAN & GRANT, LLP
Attorneys for Defendant
American Airlines Group Inc.
61 Lexington Avenue, Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646) 779-2950

To:   Jacob L. Levine
      LERNER, ARNOLD & WINSTON, LLP
      Attorney for Plaintiff
      475 Park Avenue South, 28th Floor
      New York, New York 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
SHIRLEY BROWN,

                              Plaintiff,

          -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES, INC.

                              Defendants.
-------------------------------------------------------------------X

Index No.: 706805/2019

VERIFICATION

STATE OF NEW YORK      }
                      } SS.:
COUNTY OF NEW YORK  }

     I, Alice Chan, am a Partner with the law firm of Chan & Grant, LLP, attorneys for

defendant, AMERICAN AIRLINES GROUP INC., and affirm the following to be true under the

penalties of perjury:

     I have read the foregoing American Airlines Group Inc.'s Answer to Plaintiff's Amended

and know the contents thereof: that the same are true to my knowledge except to those matters

therein stated to be alleged upon information and belief, and to those matters I believe them to be

true.

     This Verification is made by affirmant and not by the American Airlines Group because

the American Airlines Group is a foreign corporation.

Dated: New York, New York
     September 12, 2019

CHAN & GRANT, LLP

_____
       Alice Chan

10

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 63 of 87 PageID #: 300

Index No: 706805/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
SHIRLEY BROWN,

                              Plaintiff,

          -against-

AMERICAN AIRLINES GROUP INC.
JANE DOE and AMERICAN AIRLINES, INC.,

                         Defendants.

---

## ANSWER

---

*LAW OFFICES*
*CHAN & GRANT, LLP*
Attorneys for Defendant
AMERICAN AIRLINES GROUP INC.
61 Lexington Avenue, Suite 1G
New York, New York 10010
(646) 779-2988

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 64 of 87 PageID #: 301

# Exhibit H

# CHAN & GRANT, LLP
## ATTORNEYS AT LAW

61 LEXINGTON AVENUE, SUITE 1G
NEW YORK, NEW YORK 10010

TELEPHONE (646) 779-2988
FACSIMILE   (646) 779-2950

October 14, 2019

Jacob L. Levine
LERNER, ARNOLD & WINSTON, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016

      Re:    Shirley Brown v. American Airlines Group Inc. et al
              Index No.: 706805/2019

Dear Mr. Levine:

On September 12, 2019, our office requested a supplemental demand setting forth total damages pursuant to CPLR 3017(c). To date we have not received a response. In order to avoid motion practice, please serve the supplemental demand.

Thank you.

Very truly yours,

CHAN & GRANT, LLP

By: John Nwaghanata
John Nwaghanata

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 66 of 87 PageID #: 303

# Exhibit I

INDEX NO. 706805/2019

PC _____
CC 5118 20
NI 10 / 2B 20

Calendar Number _____ 4

## SUPREME COURT OF THE STATE OF NEW YORK
## QUEENS COUNTY: IAS PART

PRESENT: HON. *MODICA* Briggs
_____x

BROWN

Plaintiff(s),

**Preliminary Conference Order**

- against -

Index Number: _706805/19_

american airlines
Defendant(s).
_____x

Date RJI Filed: _10/28/19_

**APPEARANCES**
Plaintiff(s): Lerner Arnold & Winston LLP by Danielle
_Cameret of counsel_ _____

Defendant(s): _____
_Chau Vront his incounter_ _____
_____

Following a Preliminary Conference, it is hereby **ORDERED** that disclosure shall proceed as follows:

(1) **Insurance Coverage**: (a) If not yet done, defendant shall disclose in writing the existence and contents of any insurance agreement, including umbrella or excess coverage, as described in CPLR §3101(f) on or before _30 days_ (b) plaintiff shall disclose any Uninsured Motorist/Supplemental Uninsured Motorist coverage on or before _30 days to extent applicable_

(2) **Bill of Particulars:**
(a) A demand for a Bill of Particulars or interrogatories shall be served by _P_ on or before _served_
(b) A bill of particulars or interrogatories shall be served by _30 days to extent_ on or before NOT done
(c) If an affirmative defense or counterclaim is asserted, a demand for a bill of particulars or interrogatories shall be served by _π and_ on _π/in 30 days_ A response to such demand shall be served on _π by D × in_ . 30 days if served if demand
(d) A supplemental Bill of Particulars shall be served by _____ on or before _____
as to items: _____
_____
_____

(3) **Medical Report(s), Record(s) and Authorization(s):** On or before _30 days_ a duly executed written authorization(s) shall be furnished by _π_ for the following: *(Check as apply)*
__Physician, and/or hospital, pharmacy and/or autopsy records;
__Employment and/or attendance records for the period _2 yrs prior to_ ;
__No-fault file;  _DOL to present_
__Diagnostic tests and films;
__Collateral source authorizations / workers comp records;
__W2 and/or tax return records for self-employed individuals (if there is a loss of wages claim) for the period of _____
__Other (specify) _____

to extent applicable
NOT previously provided

—1—

(4) **Physical Examinations**:

(a) Examination(s) of plaintiff shall be held on or before _w/in 60 days of it Rbt_

(b) Pursuant to 22 NYCRR §202.17(b), at least 20 days before such examination, _π_ shall serve upon all other parties copies of the medical reports of those physicians who have previously treated or examined him/her.

(c) A copy of the examining physician's report shall be furnished to all parties by _Δ_ within _45_ days of the examination.

(5) **Depositions**:

(a) Examinations before trial shall be conducted as follows:
Plaintiff(s) shall appear for examination before trial at _TBA_ on _2/12/20_ at _10_ a.m./p.m. and shall produce all relevant books, papers, records, and other material for use at the deposition, including _____
Defendant(s) shall appear for examination before trial at _TBA_ on _2/19/20_ at _10_ a.m./p.m. and shall produce all relevant books, papers, records, and other material for use at the deposition, including _____

(b) Unless otherwise directed prior to the examinations before trial, attorneys seeking rulings on objections or making application for any other relief pertaining to the depositions shall promptly appear at Chambers of the assigned IAS Justice, with their reporter, or shall communicate with the Emergency Justice, for a determination.

(c) Once begun, a deposition shall continue until completed and shall not be adjourned without further order of the Court.

(d) The transcript of an examination before trial shall be delivered to the party deposed within thirty (30) days of the deposition, and shall be returned, duly executed, pursuant to CPLR § 3116.

(e) Subpoenas for the examination before trial of any non-party witness shall be served no later than 45 days after the completion of party depositions, provided such witness is known by completion of party depositions, and if not known at that time, within 45 days of first disclosure or identification of such witness or within the discretion of the Court.

(6) **Other Disclosure**: _12/13/19_

_both parties reserve the right to serve post EBT demands, discovery_

(a) On or before _12/13/19_, all parties shall exchange names and addresses of all witnesses, and shall exchange statements of opposing parties and photographs, or, if none, shall provide an affirmation to that effect.

(b) All parties shall exchange information relating to expert witnesses in compliance with CPLR §3101(d)(i).

(c) Medicare Liens: If plaintiff is a medicare recipient or eligible, plaintiff shall, within 30 days, provide defendant(s) with the details of said lien(s), or if unknown, copies of correspondence to Medicare, evidencing plaintiff's efforts to determine the outstanding claim against said plaintiff/beneficiary, should one exist.

(d) Additional Disclosure Issues: With respect to additional disclosure issues, the parties shall comply with the following agreement: _π disclosed π both following demands w/in 21d (all dated 11/1/19)_
_π to provide the following:_
_- Jekman Rr CPLR 3017(c), Notice to produce Rr A2s, Med. recs, Medicare, expert witness, demand pursuant to (CPLR 4545(a)), insurance info, authorizations 11/1_
_D to respond to π's demand dated 10/10/19 w/in 30 days._

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 69 of 87 PageID #: 306

(7) **Impleader**: All third-party actions shall be commenced on or before the Compliance Conference date. Joinder of a third-party action beyond this date without leave of Court may result in a severance.

(8) **Completion of Disclosure**: All disclosure shall be completed on or before the Compliance Conference date.

(9) **Compliance Conference**:

(a) Unless a Note of Issue/Certificate of Readiness shall have been filed prior thereto, counsel for all parties shall appear at a Compliance Conference which shall be held in the Compliance Conference/Settlement Part on _____5/18/20_____.

(b) Filing of a Note of Issue prior to the Compliance Conference must include a written stipulation fully executed by all parties acknowledging that all discovery has been completed.  Failure to comply with this provision will result in vacatur of the prematurely filed Note of Issue.

(c) Copies of medical reports and pleadings are to be brought to the Compliance Conference and attending attorneys must be knowledgeable about the case and be prepared to discuss settlement at that time.

(10) **Note of Issue**: Plaintiff shall file a Note of Issue/Certificate of Readiness on or before ____10/23/20____

(11) **Motions for Summary Judgment**: Pursuant to CPLR Rule 3212(a), any motion for summary judgment shall be made no later than ___120___ days after the filing of the note of issue, but under no circumstances beyond 120 days of the filing of the Note of Issue absent further order of the court.

(12) **Stipulations of settlement or discontinuance** are to be filed by defendant, pursuant to 22 NYCRR 202.28, with the County Clerk and must also give a copy to the Part of Court to which the action has been assigned, within 20 days of such discontinuance.

SO ORDERED:

_____

J.S.C.

Dated:

**I, the undersigned have read the preceding and fully understand the provisions contained herein shall constitute an Order of the Court. Failure to comply with any provision of this order may result in the imposition of costs, sanctions or other penalties provided by law.**

_____     _____
Attorney for Plaintiff                              Attorney for Defendant

_____     _____
Attorney for Plaintiff                              Attorney for Defendant

_____     _____
Attorney for Plaintiff                              Attorney for Defendant

_____     _____
Attorney for Plaintiff                              Attorney for Defendant

-3-

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
**88-11 Sutphin Blvd.**
**Jamaica, New York 11435**

------------------------------------------------------

Brown.

                        Plaintiff(s)        Index No. 706805 / 19

    - against -

American Airlins   Defendant(s)
------------------------------------------------------

### NOTICE OF COMPLIANCE/SETTLEMENT CONFERENCE

A Compliance/Settlement Conference has been scheduled in the above-named case in which you appear as counsel. The Conference will be held before **JUSTICE JOSEPH J. ESPOSITO** in the Compliance/Settlement Conference Part on _11/8/12_ at 9:30 A.M.
Room 3002

Counsel appearing for the Conference **MUST** bring the Bill of Par ticulars and all previous orders in the case, including the Preliminary Conference Order.

At the conference, inquiry will be made regarding the following items of discovery as applicable: bills of particular; authorizations; medical reports; discovery and inspection; document production; insurance information; EBT's; physical examinations; interrogatories; and compliance with prior discovery orders of the Court.

Additionally, serious settlement discussions will be conducted.

Consequently, an attorney representing your client **MUST** appear at the conference and **MUST** be fully familiar with the case and the status of discovery. The attorney **MUST** bring to the Conference all available documentary evidence relating to injury and damages, and **MUST** be authorized to enter binding stipulations and to dispose of the case.

Failure to appear at the Conference may result in the imposition of sanctions or other appropriate judicial action.

Case 1:20-cv-01092-AMD-JO  Document 1-19  Filed 02/27/20  Page 71 of 87 PageID #: 308

# EXHIBIT J

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 72 of 87 PageID #: 309

# CHAN & GRANT, LLP
### ATTORNEYS AT LAW

61 LEXINGTON AVENUE, SUITE 1G
NEW YORK, NEW YORK 10010

TELEPHONE (646) 779-2988
FACSIMILE  (646) 779-2950

January 6, 2020

Jacob L. Levine
LERNER, ARNOLD & WINSTON, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016

Re:     Shirley Brown v. American Airlines Group Inc. et al
        Index No.: 706805/2019

Dear Mr. Levine:

We represent defendant, American Airlines Group Inc. and American Airlines, Inc. On September 12, 2019, October 14, 2019, and pursuant to the Preliminary Conference Order dated November 13, 2019, our office requested a supplemental demand setting forth total damages pursuant to CPLR 3017(c), as well as response to Verified Bill of Particulars. To date we have not received a response.

We require a response forthwith as we need to determine whether the action is subject to removal to the United States District Court for the Eastern District of New York based on diversity jurisdiction pursuant to 28 U.S.C § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Plaintiff's response to defendants' demand pursuant to CPLR 3017(c) is required to determine whether the amount in controversy exceeds the sum or value of $75,000.00.  Pursuant to 28 U.S.C 1446(c)(1), defendants have one year from commencement of the action to remove. If Plaintiff fails to respond to Defendants' Demand Pursuant to CPLR 3017(c), and it is later determined (one year after commencement of the action) that the amount in controversy exceeds $75,000.00, defendants will file removal of this action and consider that plaintiff acted in bad faith in order to prevent defendant from removing the action pursuant to 28 U.S.C. 1446(c)(1).

In order to avoid motion practice, please serve a response to defendants' Demand Pursuant to CPLR § 3017(c), a copy of which is attached.

Very truly yours,

CHAN & GRANT, LLP

By: _____
    Alice Chan

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 73 of 87 PageID #: 310

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
SHIRLEY BROWN,

                        Plaintiff,

      -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                        Defendants.
-----------------------------------------------------------X

Index No.: 706805/2019

DEMAND PURSUANT TO
CPLR § 3017(c)

       **PLEASE TAKE NOTICE**, that the defendants, AMERICAN AIRLINES, INC. and

AMERICAN AIRLINES GROUP INC., pursuant to CPLR § 3017(c), hereby demand that the

plaintiff serves upon the defendants, within fifteen (15) days hereof, a Supplemental Demand

setting forth the total damages to which they deem themselves entitled.

Dated: September 12, 2019
     New York, New York

                                   Respectfully yours,

                                   Alice Chan
                                   CHAN & GRANT, LLP
                                   Attorneys for Defendants
                                   American Airlines, Inc. and
                                   American Airlines Group Inc.
                                   61 Lexington Avenue, Suite 1G
                                   New York, New York 10010
                                   Tel: (646) 779-2988
                                   Fax: (646) 779-2950

To:    Jacob L. Levine
       LERNER, ARNOLD & WINSTON, LLP
       475 Park Avenue South, 28th Floor
       New York, New York 10016

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 74 of 87 PageID #: 311

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
SHIRLEY BROWN,

                              Plaintiff,                        Index No.: 706805/2019

        -against-                                              **AFFIDAVIT OF SERVICE**

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES INC.

                              Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

        KENNETH LO, being duly sworn, deposes and says, that deponent is not a party of this action, is over 18 years of age and resides in New York, New York; that on the 12th day of September, 2019, deponent served the Demand Pursuant to CPLR § 3017(c) upon the below addressee(s), by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name *(see service list below)*.

        Service List

        Jacob L. Levine
        LERNER, ARNOLD & WINSTON, LLP
        475 Park Avenue South, 28th Floor
        New York, New York 10016

                                                        Kenneth Lo

Sworn to before me this
12th of September 2019

        ALICE CHAN
Notary Public, State of New York
        No. 02CH6050295
    Qualified in Queens County
Commission Expires October 30, 20 __

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 75 of 87 PageID #: 312

Index No: 706805/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
SHIRLEY BROWN,

                                  Plaintiff,

        -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES, INC.

                                  Defendants.

---

## DEMAND PURSUANT TO
## CPLR § 3017(c)

---

*LAW OFFICES*
*CHAN & GRANT, LLP*
Attorneys for Defendant(s)
American Airlines, Inc. and
American Airlines Group Inc.
61 Lexington Avenue, Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646)779-2950

2

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 76 of 87 PageID #: 313

**Alice Chan**                                    **Tuesday, January 28, 2020 at 5:28:33 PM Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Shirley Brown - Response to Demand Pursuant to CPLR 3017(c) |
| **Date:** | Monday, January 6, 2020 at 5:31:33 PM Eastern Standard Time |
| **From:** | Alice Chan <alice.chan@changrant.com> |
| **To:** | Jacob Levine <jlevine@lawpartnersllp.com> |
| **CC:** | John Nwaghanata <john.nwaghanata@changrant.com> |

**Attachments:** Shirley.Brown.Demand.3017.Follow.Up.Corro.1.6.2020.pdf

Mr. Levine,

Please see attached correspondence requesting response to Defendants' Demand Pursuant to CPLR 3017(c).

Alice

Alice Chan
Chan & Grant, LLP
61 Lexington Avenue - Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646) 779-2950
E-mail: alice.chan@changrant.com
www.changrant.com

Case 1:20-cv-01092-AMD-JO  Document 1-19  Filed 02/27/20  Page 77 of 87 PageID #: 314

# EXHIBIT K

Alice Chan | **Tuesday, January 28, 2020 at 5:10:50 PM Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Shirley Brown v. American Airlines |
| **Date:** | Monday, January 27, 2020 at 11:20:34 AM Eastern Standard Time |
| **From:** | Leslie Sanchez <lsanchez@lawpartnersllp.com> |
| **To:** | Alice Chan <alice.chan@changrant.com> |
| **Attachments:** | image001.jpg, Verified Bill of Particulars.pdf, Plaintiff Response to Demands.pdf |

Ms. Chan:

Attached is the Bill of Particulars and Plaintiff's Response to Combined Demands.

# Leslie Ann Sanchez, Paralegal
Lerner, Arnold & Winston, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016
(T) 212-686-4655
(F) 212-532-3301
Lsanchez@lawpartnersllp.com

www.lawpartnersllp.com

# LAW
## LERNER·ARNOLD·WINSTON

This message originates from the Law Firm of Lerner, Arnold & Winston, LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based upon a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Lerner, Arnold & Winston, LLP.

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 79 of 87 PageID #: 316

# Exhibit L

FILED: QUEENS COUNTY CLERK 01/29/2020 03:49 PM
INDEX NO. 706805/2019
NYSCEF DOC. NO. 25
Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 80 of 87 PageID #: 317
RECEIVED NYSCEF: 01/29/2020

Alice Chan
Tuesday, January 28, 2020 at 5:08:37 PM Eastern Standard Time

| | |
|---|---|
| **Subject:** | Re: Shirley Brown v. American Airlines |
| **Date:** | Monday, January 27, 2020 at 6:14:10 PM Eastern Standard Time |
| **From:** | Alice Chan <alice.chan@changrant.com> |
| **To:** | Leslie Sanchez <lsanchez@lawpartnersllp.com>, Jacob Levine <jlevine@lawpartnersllp.com> |
| **Attachments:** | image001.jpg, Shirley.Brown.Demand.Pursuant.CPLR.3017(c).pdf |

Please see attached.

---

**From:** Leslie Sanchez <lsanchez@lawpartnersllp.com>
**Date:** Monday, January 27, 2020 at 5:28 PM
**To:** Alice Chan <alice.chan@changrant.com>, Jacob Levine <jlevine@lawpartnersllp.com>
**Subject:** RE: Shirley Brown v. American Airlines

Ms. Chan:

I am sorry that that Demand was not responded to. Can you please forward the demand via email or fax and I will get it over to you? I do not have a hard copy.

---

**From:** Alice Chan [mailto:alice.chan@changrant.com]
**Sent:** Monday, January 27, 2020 2:22 PM
**To:** Leslie Sanchez <lsanchez@lawpartnersllp.com>; Jacob Levine <jlevine@lawpartnersllp.com>
**Subject:** Re: Shirley Brown v. American Airlines

Leslie and Jacob,

We have still not received Plaintiff's response to Defendants' Demand Pursuant to CPLR § 3017(c) that we had been assured would be included with the responses to discovery sent today, but were not. Please provide a response by today, otherwise, we will proceed with our Motion to Compel and other for relief as deemed proper.

Alice

---

**From:** Leslie Sanchez <lsanchez@lawpartnersllp.com>
**Date:** Monday, January 27, 2020 at 11:22 AM
**To:** Alice Chan <alice.chan@changrant.com>
**Subject:** Shirley Brown v. American Airlines

Ms. Chan:

Attached is the Bill of Particulars and Plaintiff's Response to Combined Demands.

# Leslie Ann Sanchez, Paralegal
Lerner, Arnold & Winston, LLP
475 Park Avenue South, 28th Floor
New York, New York 10016
(T) 212-686-4655
(F) 212-532-3301

FILED: QUEENS COUNTY CLERK 01/29/2020 03:49 PM INDEX NO. 706805/2019

NYSCEF DOC. NO. 25 Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 81 of 87 PageID #: 318 RECEIVED NYSCEF: 01/29/2020

Lsanchez@lawpartnersllp.com

www.lawpartnersllp.com

# LAW
## LERNER · ARNOLD · WINSTON

This message originates from the Law Firm of Lerner, Arnold & Winston, LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based upon a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Lerner, Arnold & Winston, LLP.

Case 1:20-cv-01092-AMD-JO Document 1-19 Filed 02/27/20 Page 82 of 87 PageID #: 319

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
SHIRLEY BROWN,

                       Plaintiff,

    -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                       Defendants.
------------------------------------------------------------X

Index No.: 706805/2019

DEMAND PURSUANT TO
CPLR § 3017(c)

      **PLEASE TAKE NOTICE,** that the defendants, AMERICAN AIRLINES, INC. and

AMERICAN AIRLINES GROUP INC., pursuant to CPLR § 3017(c), hereby demand that the

plaintiff serves upon the defendants, within fifteen (15) days hereof, a Supplemental Demand

setting forth the total damages to which they deem themselves entitled.

Dated: September 12, 2019
       New York, New York

                                  Respectfully yours,

                                  Alice Chan
                                  CHAN & GRANT, LLP
                                  Attorneys for Defendants
                                  American Airlines, Inc. and
                                  American Airlines Group Inc.
                                  61 Lexington Avenue, Suite 1G
                                  New York, New York 10010
                                  Tel: (646) 779-2988
                                  Fax: (646) 779-2950

To:    Jacob L. Levine
       LERNER, ARNOLD & WINSTON, LLP
       475 Park Avenue South, 28th Floor
       New York, New York 10016

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 83 of 87 PageID #: 320

Index No: 706805/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS _____
SHIRLEY BROWN,

                        Plaintiff,
        -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES, INC.


                        Defendants.

_____


## DEMAND PURSUANT TO
## CPLR § 3017(c)

_____


*LAW OFFICES*
*CHAN & GRANT, LLP*
Attorneys for Defendant(s)
American Airlines, Inc. and
American Airlines Group Inc.
61 Lexington Avenue, Suite 1G
New York, New York 10010
Tel: (646) 779-2988
Fax: (646)779-2950


2

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 84 of 87 PageID #: 321

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
SHIRLEY BROWN,

                            **Plaintiff,**

    -against-

AMERICAN AIRLINES GROUP INC.,
JANE DOE and AMERICAN AIRLINES INC.

                            **Defendants.**
-------------------------------------------------------------X

Index No.: 706805/2019

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

       KENNETH LO, being duly sworn, deposes and says, that deponent is not a party of this action, is over 18 years of age and resides in New York, New York; that on the 12th day of September, 2019, deponent served the Demand Pursuant to CPLR § 3017(c) upon the below addressee(s), by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name *(see service list below).*

    Service List

    Jacob L. Levine
    LERNER, ARNOLD & WINSTON, LLP
    475 Park Avenue South, 28th Floor
    New York, New York 10016

                                          _____
                                        Kenneth Lo

Sworn to before me this
12th of September 2019

ALICE CHAN
Notary Public, State of New York
No. 02CH6050295
Qualified in Queens County
Commission Expires October 30, 20 22

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 85 of 87 PageID #: 322

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

SHIRLEY BROWN,

                            Plaintiff,

    -against-

AMERICAN AIRLINES GROUP INC., JANE DOE
and AMERICAN AIRLINES INC.,

                            Defendants.

-------------------------------------------------------------X

Index No.: 706805/2019

**AFFIRMATION OF GOOD FAITH**

Alice Chan, an attorney admitted to practice before the courts of the State of New York

and not a party to this action, hereby affirms, pursuant to Civil Practice Law and Rules (CPLR)

2106, the following to be true under the penalties of perjury:

    1.      I am a partner with the law firm Chan & Grant, LLP, attorneys for defendants

American Airlines Group Inc. and American Airlines, Inc. ("Defendants") in the above-

captioned action, and as such I am fully familiar with the facts and circumstances of this case

after reviewing records maintained by my office and discussions with staff at my firm.  I submit

this affirmation pursuant to 22 NYCRR § 202.7, in connection with the annexed Defendants'

Motion to Compel and Affirmation in Support, which this Court is respectfully referred to.

    2.      In compliance with 22 New York Codes, Rules and Regulations (NYCRR) §

202.7, good faith efforts were made to confer with counsel for Shirley Brown ("Plaintiff") to

resolve the issues raised by the annexed motion but were unsuccessful.

    3.      On September 12, 2019, my office served Plaintiff with a Demand Pursuant to

CPLR 3017(c) (hereinafter "Supplemental Demand Request"), a true and correct copy of which

is annexed hereto as Exhibit A[1].

---

[1] All referenced exhibits refer to the exhibits attached to the Affirmation in Support of the Motion to Compel.

1

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 86 of 87 PageID #: 323

4.      On October 14, 2019, the undersigned's offices sent a follow-up letter requesting

that Plaintiff respond to the September 12, 2019 CPLR 3017(c) Supplemental Demand Request

(a true and correct copy of the October 2019 letter is annexed hereto as Exhibit H).

5.      On November 13, 2019, a preliminary conference was held, and this court ordered

Plaintiff to respond to Defendants' CPLR 3017(c) Supplemental Demand.  A true and correct

copy of the November 13, 2019 Preliminary Conference Order is annexed hereto as Exhibit I.

6.      On January 6, 2020, the undersigned sent by e-mail and first-class mail, an

additional follow-up letter recapping previous attempts to obtain a response from Plaintiff,

reminding Plaintiff of the Preliminary Conference Order, informing Plaintiff of the necessity of a

response for removal purposes, and requesting that Plaintiff respond to the CPLR 3017(c)

Supplemental Demand Request (a true copy and correct copy of which is annexed hereto as

Exhibit J).

7.      On January 16, 2020, the undersigned received a call from Plaintiff's attorneys

offices that all outstanding discovery responses, including Demand Pursuant to CPLR 3017(c)

would be provided by January 23, 2020.

8.      To date, defendants has not received responses to Defendants Demand Pursuant to

CPLR 3017(c), despites Plaintiff's assurances, communications and Court order.

Dated: January 29, 2020
       New York, New York

                                        Respectfully yours,
                                         _s/Alice Chan_____
                                        Alice Chan
                                        CHAN & GRANT, LLP
                                        Attorneys for Defendants
                                        American Airlines Group Inc. and
                                        American Airlines, Inc.
                                        61 Lexington Avenue, Suite 1G
                                        New York, New York 10010
                                        Tel: (646) 779-2988
                                        Fax: (646) 779-2950

Case 1:20-cv-01092-AMD-JO   Document 1-19   Filed 02/27/20   Page 87 of 87 PageID #: 324

before the date set forth above for the submission of this motion.

Dated: January 29, 2020
        New York, New York

                                        Respectfully Submitted,

                                        CHAN & GRANT, LLP

                                        By:__s/Alice Chan_____
                                              Alice Chan
                                        *Attorneys for Defendants*
                                        *American Airlines Group, Inc. and*
                                        *American Airlines, Inc.*
                                        61 Lexington Avenue, Suite 1G
                                        New York, New York 10010
                                        Tel: (646) 779-2988
                                        Fax: (646) 779-2950

To:     Jacob L. Levine
        LERNER, ARNOLD & WINSTON, LLP
        475 Park Avenue South, 28th Floor
        New York, New York 10016

2